JAMES H. PEARSON *et al.*

*v.*

THE CITY OF CHICAGO.

*Filed at Ottawa March 28, 1896—Rehearing denied October 9, 1896.*

1. PUBLIC IMPROVEMENTS—*failure to file remanding order not an abandonment of improvement.* Proceedings for a street extension are not abandoned by failure to file a mandate of an appellate court reversing a judgment affirming a previous assessment within two years from the decision. (*Philadelphia and Reading Coal and Iron Co.* v. *City of Chicago,* 158 Ill. 9, followed.)

2. SAME—*right of city to dismiss proceedings to extend street.* An order dismissing a petition for a street extension at the instance of a city will not be set aside at the instance of land owners because no notice was given them of the motion for dismissal, as the city has an absolute right to such dismissal.

3. SAME—*sufficiency of ordinance as to description of street—grade.* An ordinance for a street extension is not invalid for failure to designate the grade of a street and whether it is to be paved or not, where the amount to be apportioned upon the property benefited is not left in doubt. (*Washington Ice Co.* v. *City of Chicago,* 147 Ill. 327, distinguished.)

4. SAME—*supplemental petition in condemnation need not recite ordinance.* A supplemental petition under section 53, article 9, of the City and Village act, (Laws of 1891, p. 80,) for an assessment for a street extension, need not recite the ordinance for the improvement and the report of the commissioners as to its cost, as such petition is based upon the condemnation judgment, and there is no estimate of the commissioners as to the cost before filing the petition. (*Guild* v. *City of Chicago,* 82 Ill. 472, distinguished.)

5. EVIDENCE—*bridge on street will be presumed to have been placed there legally.* In proceedings to extend a street and assess the benefits upon property, the ordinance, judgment of condemnation and proof that a bridge connecting the parts of the street had been erected and paid for by general taxation are admissible without showing that such bridge was built with the approval of the Secretary of War, the legality of the bridge being, in such case, presumed. (*City of Chicago* v. *Law,* 144 Ill. 569, distinguished.)

6. SAME—*city may meet objections to assessment by evidence in rebuttal.* In a proceeding for confirmation of an assessment for a street extension the city may meet objections to the assessment roll, raised by evidence of property owners upon the question of benefits, by way of rebuttal.

APPEAL from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

WILLIAM M. JOHNSTON, and MAHER & GILBERT, for appellants.

WALTER L. FISHER, and HARRY RUBENS, Corporation Counsel, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This is an appeal from a judgment of the Superior Court of Cook county, confirming a special assessment levied by the city of Chicago to pay the compensation awarded in certain proceedings for the condemnation of lands for the extension and opening of South Canal street, from the south line of Lumber street to the north line of Archer avenue. A former judgment of confirmation of a previous assessment was reversed by this court on an appeal therefrom by these appellants. (*Hutt* v. *City of Chicago*, 132 Ill. 352.) The history of subsequent proceedings had for the making and confirmation of the assessment is given in *Philadelphia and Reading Coal and Iron Co.* v. *City of Chicago*, 158 Ill. 9.

After the order vacating the original assessment and dismissing the petition and subsequent ·proceedings up to the filing of the last supplemental petition, the appellants moved the court to set that order aside, which motion was denied, and the ruling of the court denying that motion is assigned for error. It is first insisted that the motion should have been sustained because the cause was abandoned by a failure to file the mandate of the Supreme Court within two years from the decision in *Hutt* v. *City of Chicago, supra.* This question was disposed of adversely to the claim of appellants in *Philadelphia and Reading Coal and Iron Co.* v. *City of Chicago, supra.* The second ground of the motion was that no notice was given appellants of the application for the order of dismissal.

The grounds of the motion were inconsistent with each other, since appellants could have no interest to be affected by notice of a proceeding which had been abandoned. The first petition had been so abandoned, and it was unnecessary to dismiss it; but appellants were in nowise harmed by its being done. There was a rule of court requiring notices of motions, but appellee had the absolute right to dismiss its supplemental petition which was dismissed, and if the rule extended to a motion for an order of dismissal, no right of appellants was lost by a failure to give them notice, for the reason that they had no right in or control over appellee's petition, and could interpose no obstacle to its being dismissed.

. Appellants also presented their motion to dismiss the original petition for condemnation. This motion was based upon four grounds: First, that the ordinance, which was made a part of the petition, did not specify the nature, character and locality of the proposed improvement; second, that the petition did not contain a reasonably accurate description of the land proposed to be condemned; third, that the cause had been abandoned; fourth, that the court was without jurisdiction to confirm the assessment. The court did not permit the motion to be filed, but the points made were all covered by objections, and the court heard the evidence offered in support of them, so that all rights of appellants were preserved. Under these claims appellants offered evidence intended to show that the plat annexed to the ordinance did not correspond with the text of the ordinance, because the lines of the streets appearing on the plat were straight, while a survey, according to the text of the ordinance, would make a jog of 3.9 feet in one of the lines of the street. It was attempted to prove such a survey, but the maps, plats and data upon which it depended were not proved, and its correctness was not established so as to prove the supposed conflict.

Appellants also say that the ordinance was invalid from failing to designate the grade of the street and whether it was to be paved or not, and refer to *Washington Ice Co.* v. *City of Chicago*, 147 Ill. 327, to support that claim. In that case the proposed street passed through a pond, five or six feet deep, for a distance of 1830 feet, and also across a river, and it was not provided whether the street was to be filled through the pond, or the road-bed was to be raised by an embankment or stone walls or trestle-work, or any basis or data given from which an estimate of the cost could be made in accordance with · the statute, to be apportioned upon the property bene-fited. There was no such question in this case, but the assessment was to pay a definite and fixed amount, which was not left in doubt. The other grounds of the motion have already been disposed of.

The court also refused to permit appellants to file a motion to dismiss the supplemental petition and quash the assessment. This motion again rested upon the con-tention that the proceeding was abandoned, which has been decided, and also on the ground that the supple-mental petition did not recite the ordinance authorizing the improvement and the report of the commissioners as to the cost of the improvement. In *Guild* v. *City of Chicago*, 82 Ill. 472, it was said that by section 22 of article 9 of the City and Village act the supplemental petition for an assessment is required to recite the ordinance for the improvement and the report of the commissioners as to its cost, and that case is relied upon in support of the motion to dismiss. This proceeding was not under that section, but under section 53 of said article 9, which con-tains no such requirement, and what was said in that case concerning the other section is of no importance in this. Under section 53 the supplemental petition is based upon the condemnation judgment, and there is no estimate of the commissioners as to the cost of the improvement

previous to the filing of the petition. The motion was without merit.

Appellants reiterated their claims, in various forms, as objections to the proceedings, but they were all properly overruled.

A jury was called, and appellee offered in evidence the assessment, the judgment in the condemnation proceeding and the ordinance, and proved that a bridge had been erected across the river at Canal street, and paid for by general taxation. Appellants moved to exclude all this evidence on the ground that it was not shown that the bridge was built with the consent and approval of the Secretary of War. The assessment was not being made for the construction or maintenance of the bridge, and the decision in *City of Chicago* v. *Law*, 144 Ill. 569, where an assessment was attempted for the execution of an unlawful project, has no relevancy to the questions involved. The city having proved the existence of the bridge, so as to connect the different portions of the street, made out its case, and the presumption was certainly in favor of its legality in the absence of any evidence to the contrary.

Appellants then introduced evidence on the question of benefits to their property, after which the court admitted evidence on that subject on the part of appellee in rebuttal. This was objected to. Appellee having made out a *prima facie* case, which was entirely of a formal character, it was a proper practice to permit it to meet the objection to the assessment roll raised by the evidence for appellants, by way of rebuttal.

There were also motions by appellants to exclude the testimony of certain witnesses, and objections were made to the action of the court in ruling on instructions, but none of the questions raised on those subjects require an extended discussion. The rights of appellants, with regard to the testimony which it was moved to exclude, were carefully guarded by the instructions, and we think

that the rulings of the court were. right.    Every rule of law which appellants were entitled to have given to the jury was fully and fairly presented in the instructions given.

It is also contended that the verdict was against the evidence.    The testimony was conflicting and the verdict was sustained by competent testimony.    We would not be justified in reversing the judgment on the ground that the verdict was against the evidence.

The judgment will be affirmed.    *Judgment affirmed.*