IRA W. ALLEN *et al.*

*v.*

THE CITY OF CHICAGO.

176   113
196   ⁶493
176   113
214   ¹⁰386

*Opinion filed October 24, 1898—Rehearing denied December 8, 1898.*

1. EMINENT DOMAIN—*petitioner may show that a former proceeding, relied upon as a bar, was enjoined.* A decree enjoining further action in a condemnation proceeding to open a street is admissible in evidence in a second proceeding under a new ordinance for opening the same street, to defeat the objector's claim that the former judgment was a bar.

2. SAME—*condemnation judgment cannot be attacked in supplemental assessment proceeding.* Parties duly served, or who appeared in condemnation proceedings by a city, cannot, in the supplemental proceeding under section 53 of article 9 of the City and Village act, raise any objection to the condemnation judgment which might have been urged in the condemnation proceeding, as the supplemental proceeding is merely collateral.

3. SAME—*one having right of travel is not a necessary party to proceeding to condemn.* One having an easement of right of travel over land is not a necessary party to a proceeding to condemn such land for the purpose of opening a street.

4. SAME—*when affidavit is sufficient, on collateral attack, to authorize publication of notice.* An affidavit which states that certain of the defendants to a condemnation proceeding cannot, after diligent search, be found within the State of Illinois, so that process cannot be served upon them, and that the places of their residence can not be ascertained after diligent inquiry and search, inferentially states that such defendants are non-residents, and will be held sufficient, on collateral attack, to authorize publication of notice.

5. SAME—*one can only assign error on matters affecting his own property.* A condemnation judgment has the effect of a several judgment as to each tract or lot of land, and one land or lot owner can not take advantage, in a court of review, of an error which does not affect him or his property.

6. SAME—*to authorize an assessment city need not have easement in all property needed.* It is not necessary, to authorize a supplemental proceeding to levy a special assessment under section 53 of article 9 of the City and Village act, that the city shall have acquired, by the condemnation judgment, an easement in all the property which must be taken in order to complete the improvement.

7. SPECIAL ASSESSMENTS—*supplemental petition need not recite the ordinance.* A supplemental petition for a special assessment filed under section 35 of article 9 of the City and Village act need not

recite the ordinance, as the ordinance has already been recited in the condemnation proceeding.

8. SAME—*commissioners presumed to have exercised sound discretion in spreading assessment.* The power of spreading an assessment is conferred by statute upon the commissioners appointed by the court, and it will be presumed that in so doing they exercised sound judgment and discretion.

9. SAME—*assessment not re-cast because witnesses do not agree with the commissioners.* An assessment will not be re-cast merely because a difference of opinion may exist among witnesses as to whether the commissioners exercised sound judgment and discretion in spreading the assessment.

10. SAME—*assessment will not be re-cast unless commissioners, in effect, acted fraudulently.* An assessment will not be re-cast unless the commissioners' action was so negligent or improper as to be, in effect, fraudulent; and the mere opinions of witnesses that property was not assessed which in their judgment was benefited, does not show fraud on the part of the commissioners.

11. APPEALS AND ERRORS—*verdict of jury as to benefits not lightly disturbed.* Questions arising on the opinions of witnesses with reference to the extent to which property is benefited by an improvement, or whether it is benefited at all, are of a character peculiarly within the province of a jury, and their verdict will not lightly be disturbed.

APPEAL from the Circuit Court of Cook county; the Hon. RICHARD W. CLIFFORD, Judge, presiding.

HILLIS & McCOY, (CHARLES S. McCOY, of counsel,) for appellants:

Where a third person neither a party nor privy to a judgment, so that he can take an appeal or writ of error thereto, is affected by the judgment, he may avoid it in a collateral proceeding, not only on the ground of want of jurisdiction, but also on the ground of errors or defects which make the judgment erroneous. 12 Am. & Eng. Ency. of Law, 148 *h;* Freeman on Judgments, sec. 337; *Sidensparker v. Sidensparker,* 52 Me. 481.

This is especially true where judgment was obtained by collusion or where the defendant made no defense. *Sidensparker case, supra;* Freeman on Judgments, sec. 337.

Persons not parties are by law allowed to impeach the judgment whenever it is attempted to be enforced against them. Freeman on Judgments, sec. 335, and cases cited.

The attempt to set aside the condemnation judgments by passing new ordinance for making the same improvement by proceedings in a concurrent court is void. Rev. Stat. chap. 24, art. 9, sec. 14; *People* v. *McWethy*, 165 Ill. 222; *McChesney* v. *Chicago*, 161 id. 110.

It would be unjust and oppressive to the tax-payer, and contrary to the principles of the common law, that he should be subjected to the annoyance and expense of defending against a multiplicity of proceedings of the same kind for the collection of a single tax. *Andrews* v. *People*, 75 Ill. 605.

When a city elects between the condemnation proceedings prescribed by the act relating to eminent domain and the act relating to cities and villages, its election of one excludes all the provisions of the other. *Railway Co.* v. *Chicago*, 148 Ill. 141; *Railway Co.* v. *Chicago*, id. 509.

Until the cause instituted before one tribunal having power to dispose of it is legally discontinued or determined, no other tribunal of concurrent jurisdiction has power to interfere. *Mail* v. *Maxwell*, 107 Ill. 554; *Taylor* v. *Ft. Wayne*, 47 Ind. 274, and cases cited.

Where two courts have concurrent jurisdiction, that which first takes cognizance of the cause has the right to retain it to the exclusion of the other. *Gould* v. *Hayes*, 19 Ala. 438.

Consent of the parties cannot give jurisdiction where the court has no jurisdiction of the subject matter. *Peak* v. *People*, 71 Ill. 278; *Foley* v. *People*, Breese, 57; *Harris* v. *People*, 128 Ill. 585; *Leigh* v. *Mason*, 1 Scam. 249; *Beesman* v. *Peoria*, 16 Ill. 484.

A void condemnation judgment may be attacked in the assessment proceeding. *Ayer* v. *Chicago*, 149 Ill. 262; *Dickey* v. *Chicago*, 152 id. 479.

CHARLES S.THORNTON, Corporation Counsel, and JOHN A. MAY, for appellee:

One holding an easement in a strip of land which entitles him to have it maintained as a street or road sustains no damage in consequence of the taking of the fee of such road or street as a street or highway. *In re Opening One Hundred and Sixteenth Street*, 37 N. Y. Supp. 508.

A city may levy a special assessment before it has acquired, by condemnation or otherwise, all the ground required for the street. *Goodwillie* v. *Lake View*, 137 Ill. 51.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

This is a supplemental proceeding brought under section 53 of article 9 of the City and Village act, to spread and confirm an assessment to raise the amount required to pay the condemnation awards theretofore made in the same cause for property to be taken or damaged for opening Sixtieth street from State street to Wentworth avenue, in Chicago. The proceeding was in the circuit court of Cook county. Upon application for confirmation of this assessment many property owners appeared and objected. When the case was called for trial a motion in writing, verified by affidavit, to dismiss the supplemental petition and cancel the assessment as to objectors' property was made prior to the calling of the jury. Much documentary evidence was introduced in support of the motion. After consideration the court overruled the motion temporarily, with the expressed intention of considering the same later with the motion for a new trial. Counsel for objectors excepted.

By the verified motion to dismiss, and the documentary evidence in support thereof, it appears that, beginning in 1884 and extending down to the present time, there has been a practically continuous effort made by the municipality having control of the locality in question, to open Sixtieth street from State street to Went-

worth avenue. This effort has manifested itself in three different proceedings pursuant to separate ordinances, all providing for making the same improvement, in the same way, over the same route, and taking precisely the same property therefor.

Pursuant to an ordinance passed in 1884 by the common council of the town of Lake, a municipal corporation having control of streets therein, (which municipality has since become annexed to the city of Chicago,) proceedings were commenced in the superior court of Cook county for condemnation for purposes of a street. An amendatory ordinance was passed by the town of Lake in 1886. Under these ordinances condemnation proceedings were had and judgments entered in 1886 and in 1889. A supplemental petition was filed, the assessment was spread and the owners were ruled to file objections, but no judgment of confirmation was entered. On June 7, 1889, Marie Grieshaber filed a bill in the superior court of Cook county asking for an injunction to restrain the town of Lake from taking any further proceedings in that condemnation suit. On July 15, 1890, the petitioner's attorney entered an order dismissing the condemnation proceedings. On the same day that this latter order was entered a decree was entered on the bill for injunction as prayed, for enjoining the town of Lake, and the city of Chicago, its successor, from doing any act or taking further proceedings in the condemnation proceeding.

The city of Chicago having become the corporate successor of the town of Lake and succeeding to all its rights and duties on July 15, 1889, it, on July 18, 1890, pursuant to an ordinance passed January 27, 1890, commenced condemnation proceedings to open the same street, and judgments were entered in 1892 and in 1893 in the circuit court of Cook county. Certain questions were raised in these proceedings, which were decided by this court in *Chicago, Rock Island and Pacific Railway Co.* v. *City of Chicago,* 143 Ill. 641, and 148 id. 479. These two cases

arose in the second condemnation proceeding. It was there substantially held that a corporation clothed with power to exercise the right of eminent domain cannot be permitted to exercise that right by instituting proceedings for a judicial ascertainment of compensation to be paid, and if dissatisfied with the amount found, dismiss the proceeding and by a new petition again submit the question to other and successive juries, until a verdict is returned satisfactory to the municipality. That rule was followed in *Pearson* v. *City of Chicago,* 162 Ill. 383, and in *Illinois Central Railroad Co.* v. *City of Champaign,* 163 id. 524. In neither of those cases was the decree in the injunction proceeding, and its effect, before the court, and had reference only to the second condemnation proceeding.

On January 8, 1894, an ordinance was passed by the city of Chicago to open Sixtieth street from State street to Wentworth avenue, and a petition to condemn was filed in the circuit court of Cook county on March 29, 1894, and a judgment of condemnation was had on November 15, 1894. After that judgment of condemnation this supplemental proceeding was filed under section 53 of article 9 of the City and Village act, (Rev. Stat. p. 240,) which is as follows:

"Sec. 53. Whenever any city or village shall apply to any court for the purpose of making just compensation for property taken or damaged by such proceedings as are authorized by this act, such city or village may file in the same proceeding a supplemental petition, praying the court to cause that an assessment be made for the purpose of raising the amount necessary to pay the compensation and damages which may be or shall have been awarded for the property taken or damaged, with the costs of the proceeding. The said court shall have power, at any time after any such supplemental petition shall have been filed, to appoint three commissioners to make such assessment, and to ascertain, as near as may be, the costs incurred to the time of such appointment, and

the probable further costs of the proceedings, including therein the estimated costs of making and collecting such assessment, and shall direct such costs to be included by such commissioners in making said assessment. Like proceedings in making said assessment shall be had, and the assessment shall be made, collected and enforced in the same manner, as near as may be, as is provided in this article in other cases."

In pursuance of this section the court, having estimated the costs already incurred and probable further costs, entered an order appointing three commissioners to determine this question, who, after due investigation, made their report in the form of an assessment roll, which was duly returned and filed. Upon the filing of such assessment roll about one hundred and seventy-five persons appeared and filed objections to such report.

Certain objections of appellants are to the effect that the ordinance of 1894, and the petition thereunder, which are the basis of this supplemental proceeding, are void because they attempt to treat as a nullity the first condemnation proceeding and substitute another therefor; that the circuit court had no power to hear and determine this case because the superior court acquired jurisdiction of the subject matter, which is still pending in that court, and because the order attempting to dismiss that proceeding was a nullity; that that prior condemnation judgment is in full force and effect, and is a bar to this attempted condemnation; that the condemnation judgment upon which this supplemental proceeding is based is void because the court was without jurisdiction of the persons of nine named known defendants when it rendered judgment in the condemnation proceeding, which said unserved and non-appearing defendants are James Woodbury, William H. Jeffers, Patrick Britton, Maria Grieshaber, John M. Goodenough, Isabella Mott, Harriet B. Wilson, William H. B. Woods and Thies J. Lefens, trustee. These constituted the legal objectors. Testi-

mony was heard in reference to these objections, and among other evidence appellee offered the decree in the case of *Grieshaber* v. *City of Chicago,* to which the appellants objected, and on their objection being overruled they excepted.

The appellants offered in evidence the condemnation proceeding had prior to that in the case on trial, and the appellee had the right to have in evidence the decree enjoining further proceedings under the prior proceeding. The fact that appellants were not parties to that decree does not affect the effect of the decree. Its effect was to prevent action on the part of the appellee under that proceeding, and if action was enjoined thereunder that proceeding would not be a bar to another and subsequent proceeding by the appellants by the adoption of an ordinance and petition for condemnation. A supplemental proceeding under section 53 is collateral to the condemnation judgment, which is final and conclusive as to the parties thereto until it is reversed or vacated. (*Goodwillie* v. *City of Lake View,* 137 Ill. 51; *Gage* v. *City of Chicago,* 146 id. 499; *Newman* v. *City of Chicago,* 153 id. 469; *Harris* v. *City of Chicago,* 162 id. 288.) Appellants, who were parties duly served or appearing to that proceeding for condemnation, must be held to have waived all objections which could have been made to that judgment of condemnation. They cannot be raised in a collateral proceeding by one who is duly served or appeared in the original proceeding. The claim that the judgment of condemnation was a nullity cannot be sustained, as all action under the prior proceeding was enjoined. It was not error to overrule the first three objections.

The fourth objection, that James Woodbury was not served with process and made a party to the petition, is true. Appellants' abstract, however, shows that by an amendment to the petition filed May 9, 1894, Mary A. Woodbury, F. A. Woodbury and Ella W. True, who were the widow, son and daughter of James Woodbury, were

served with process and appeared. Patrick Britton was not served, but his son and only heir, he being dead, was made a party by an amendment to the bill, and appeared. Maria Grieshaber was a party defendant to the petition, and not served. Marie Grieshaber appeared. The names are so much the same she will be presumed to be the person made a party defendant. William H. Jeffers and one Wade were tenants in common in a right of way which was sought to be taken as a street. One holding an easement in a strip of land as a right of way, merely, sustains no damage in consequence of the taking of the fee for a street. When the fee is taken and maintained as a street by the public authorities the owner's easement of a way is not impaired but still exists, as he has all the right of way before enjoyed. No property of his is therefore taken from him and he is deprived of no interest. (*City of Buffalo* v. *Pratt*, 131 N. Y. 299; *In re Opening One Hundred and Sixteenth Street*, 37 N. Y. Sup. 508.) This disposes of all those not served except Goodenough, Mott, Wilson and Woods.

Section 6 of article 9 of the City and Village act provides: "Upon the filing of the petition aforesaid, a summons, which may be made returnable upon any day in term time, shall be issued and served upon the persons made parties defendant as in cases in chancery; and in case any of them are unknown or reside out of this State, the clerk of the court, upon an affidavit being filed showing such fact, shall cause publication to be made."

The affidavit of John F. Holland, filed on September 13, 1894, states that he is the attorney for the city of Chicago; that the defendants Goodenough, Mott, Wilson and Woods cannot, after diligent search and inquiry, be found within the State of Illinois, so that process cannot be served on them, and that the places of residence of the said above named defendants are to said deponent unknown, and cannot, after diligent search and inquiry, be ascertained. The affidavit is in accordance with the act in reference to publication in cases in chancery. In Van-

Vleet on Collateral Attack it is said: "Where there is some notice, although defective, the judgment is not void. If there is notice, although irregular and defective, there is jurisdiction.   *   *   *   The rule with reference to notice by publication is the same as to notice by service of summons. There is, indeed, reason for being more liberal in cases of constructive notice than in cases where the service is by summons, for the defendant in the former class of cases is entitled, as of right, to open the judgment and try the case. It is a mistake to suppose that notice by publication is purely of statutory origin, for it was well known in chancery and at common law. There is, therefore, no valid reason why the same presumption should not obtain in cases where the notice is by publication as where it is by service of summons, and the weight of authority is to that effect." That principle is sustained in *Quarl* v. *Abbet*, 102 Ind. 233, *Sweeley* v. *VanSteenburg*, 26 N. W. Rep. 78, *Essig* v. *Lower*, 120 Ind. 239, and *Hahn* v. *Kelly*, 34 Cal. 391.

It is urged, however, that the affidavit is not sufficient to authorize publication of notice, as it does not aver the defendants were non-residents. The affidavit inferentially states the defendants were non-residents, for if they had been in this State at all they could have been served with process unless they concealed themselves, which would not be presumed. If they had any usual place of abode, which they would be presumed to have if they were residents of this State, then the service could be had by copy. The affidavit is, on a collateral attack, sufficient to authorize the publication of notice, however it might be on a direct objection in the original case. (*Ogden* v. *Walters*, 12 Kan. 294; *Reedy* v. *Camfield*, 159 Ill. 254.) With such attempted service the court found that due notice of these proceedings has been given as required by the statute in such case, etc.; that there was, as to these four defendants, sufficient service of notice; that it is not obnoxious to this collateral attack.

The judgment in a condemnation proceeding has, as to several tracts of land, the effect of a several judgment as to each tract or lot of land. (*Fitzpatrick* v. *City of Joliet*, 87 Ill. 58.) One land or lot owner cannot take advantage, in a court of review, of an error which does not affect him or his property. (*Bowman* v. *Venice and Carondelet Railway Co.* 102 Ill. 459.) This principle effectually disposes of objections made that certain parties to the condemnation proceeding were not served or within the jurisdiction of the court. Appellants cannot raise that question.

Neither is it necessary, to authorize the supplementary proceeding provided by section 53 as quoted, that the city should by condemnation have secured an easement in all the property necessary for the street. It was said in *Goodwillie* v. *City of Lake View, supra,* (p. 64): "Although it may be found that the city has not procured the right to open the street over and across certain of these lots, and may have to expend further sums of money to acquire such right, it cannot, after having by its supplemental petition confirmed the judgment in the condemnation case and required the entire benefit to appellants' lots inuring from the proposed improvement to be assessed against them, again require a further assessment of benefits upon or against the same lots for the same purpose. * * * It cannot be important whether they are required to pay it for acquiring title to a portion only or to all of the land taken for the proposed improvement. * * * It could not have been within the contemplation of section 53 that it would be any defense against special benefits assessed for the purpose of paying compensation awarded, that there were other lands not included in such proceeding that might thereafter have to be acquired before a street or avenue could be opened or improvements made. * * * It cannot, therefore, affect the right of the city to make an assessment for the payment of compensation awarded, that there may be other tracts or lots or other owners whose title has not been acquired or determined

by such proceeding. It is also objected that, the city not having acquired title to all of the property necessary to be taken, it is unjust and inequitable to require appellants to pay their assessments before the city acquires the same. That is not a matter proper for consideration here. If it is apprehended that the city cannot or will not acquire title so that the avenue may be opened, and that the special assessment will be expended without corresponding benefit to the public, it cannot be doubted that a court of equity will afford adequate relief." See, also, *Slate* v. *Easton Railway Co.* 36 N. J. L. 181; *Harris* v. *City of Chicago, supra; Holmes* v. *Village of Hyde Park,* 121 Ill. 128.

The objection taken by these appellants that by the judgment of condemnation the city had not acquired property of other defendants before the commencement of the supplemental proceeding, was no bar to this proceeding, and constituted no defense in this case. It was not error to overrule that objection.

It is contended that a different rule is announced in *Ayer* v. *City of Chicago,* 149 Ill. 262, and in *Dickey* v. *City of Chicago,* 152 id. 468. Where the requirements of the law have not been complied with or attempted to be complied with in giving notice to a defendant in a condemnation proceeding, and the court is without jurisdiction as to such defendant, but has entered a judgment against him, that judgment may be attacked by him in any court at any time. In both the *Ayer case* and the *Dickey case* the land or lot owners insisted that the irregularity in the proceedings was such that the court had no jurisdiction as to them as parties, and those cases are on this question distinguishable from this, and are not in conflict with any principle herein announced.

It is insisted that these proceedings should be dismissed because the supplemental petition does not recite the ordinance. Where an ordinance is passed providing for a special assessment or for special taxation, and in similar cases, and a petition is filed for the purpose of

having commissioners appointed to spread the assessment, it is necessary that the petition should recite the ordinance or the same should be attached or referred to, so as to bring the same before the court and make it a part of the records. Such petitions are filed under section 22 of article 9 of the City and Village act, and that section requires the recital of the ordinance. Section 53 of the same act and article provides for a supplemental proceeding to a proceeding anterior thereto in which the ordinance has already been recited. It is not necessary to recite the ordinance in a supplemental proceeding under section 53. *Pearson* v. *City of Chicago, supra.*

Appellants entered a motion to re-cast the assessment roll, and offered evidence in support of that motion, and sought to show that just north of the proposed street, and within one hundred and twenty feet of it, a tract of land was omitted from the assessment roll which was benefited about $2500. This evidence was objected to and the objection was sustained, to which appellants excepted. Commissioners appointed to spread an assessment roll are to exercise their judgment and discretion in so doing. The power of spreading the assessment roll is by the statute conferred on them under their appointment by the court. The presumption will be that they discharged their duty and exercised a sound judgment and discretion. Where property is omitted from an assessment where it is within certain limits, the presumption will be that the commissioners had some good reason for such omission, arising out of the nature, character and situation of the property, and not that they acted negligently or improperly. The modification, alteration or annulling of an assessment, and re-casting the same, will not be made merely because a difference of opinion may exist among witnesses as to whether the commissioners exercised a sound judgment in spreading the assessment. Unless the commissioners acted so negligently and improperly in spreading the assessment that, in effect, their

acts were fraudulent the assessment will not be re-cast. The mere offer of evidence, and its introduction, showing the opinions of witnesses that an assessment omitted certain property which in their judgment was benefited does not show fraud on the part of the commissioners. To construe the statute otherwise would make the appointment, action and report of the commissioners of no avail, and take away from them the exercise of a sound judgment and discretion. This would be true if the assessment must necessarily be re-cast because, in the opinions of certain witnesses, omitted property was benefited or property not benefited was assessed. The offered evidence was not broad enough to show fraud on the part of the commissioners, or as tending to show fraud, and was not based on that ground, and hence its exclusion was not error.

Appellants urge that the verdict of the jury on the questions of fact was contrary to the weight of the evidence. The evidence on these questions of fact was the testimony of expert witnesses and documentary evidence. Questions arising on the opinions of witnesses with reference to the extent to which property is benefited, or whether property is benefited at all, are of a character peculiarly within the province of a jury, and their verdict will not be lightly disturbed or disregarded. Whilst there is conflict in the evidence, we are not disposed to hold this verdict erroneous as applied to this evidence, or that a new trial should be awarded.

Appellants insist their motion in arrest of judgment should have been sustained. This motion was based on grounds which are included within the legal objections heretofore discussed, and what we have said with reference to those objections is conclusive of this motion.

The judgment of the circuit court of Cook county is affirmed.                          *Judgment affirmed.*