THE HIGHWAY COMMISSIONERS OF THE TOWN OF ROSS, Appellees, *vs.* J. B. CHAMBERS *et al.* Appellants.

*Opinion filed October 16, 1914.*

1. PARTIES—*when executor is not a necessary party to a proceeding to assess damages for highway.* An executor need not be made a party, in his representative capacity, to a proceeding by highway commissioners to assess damages for opening a highway over a farm, where the will vests the title to the farm in the devisees and does not, either expressly or by implication, vest any title in the executor.

2. EMINENT DOMAIN—*condemner cannot prove release of easement by third party over defendant's land.* In a proceeding by highway commissioners to assess damages for land taken for a public highway, the commissioners are not entitled to prove, in reduction of the defendant's damages, that a third party who has an easement of way over the defendant's land proposes to release his easement upon condition that the highway be opened.

APPEAL from the Circuit Court of Vermilion county; the Hon. E. R. E. KIMBROUGH, Judge, presiding.

I. A. LOVE, for appellants.

GEORGE A. RAY, and DYER & DYER, for appellees.

265 – 8

Mr. JUSTICE VICKERS delivered the opinion of the court:

The highway commissioners of the town of Ross, in Vermilion county, commenced suit before a justice of the peace for the purpose of having damages assessed for lands taken for a highway. The proceeding was commenced against John Chambers, Melissa Allen, Sarah J. Leonard, Malinda Bridges and Richard Chambers, as the owners of the land sought to be condemned. The defendants appeared and filed a claim setting up that they were the owners, as tenants in common, of a farm of 320 acres, a part of which was sought to be condemned for the highway in question, and claiming damages to the remainder of the farm not taken. A trial was had before a jury in the justice court, which resulted in an assessment of $825 damages. The defendants prosecuted an appeal to the circuit court, where the case was again tried, resulting in a verdict assessing the damages at $800. After overruling a motion for a new trial a judgment was entered upon the verdict, to reverse which the defendants below have prosecuted an appeal to this court.

Appellants obtained their title to the 320 acres of land as devisees under the last will of William G. Chambers, deceased. The will of William G. Chambers was introduced in evidence, from which it appears that appellant John B. Chambers was appointed executor. The will directs the executor to lease or rent the farm in question for cash rent and to pay the taxes and repairs, and out of the balance remaining to pay the widow $400 yearly, and to divide the residue equally among the five children of the testator, who are the appellants in this case. The will provides that after the death of the wife all the property of every kind, both real and personal, except household goods, shall be divided equally among the five appellants herein. John B. Chambers, as executor, was not made a party to the proceeding before the justice of the peace.

After the cause was removed to the circuit court by appeal, appellees obtained leave of court and caused the summons and return to be so amended as to show that John B. Chambers, individually and as executor of the last will of William G. Chambers, was a party defendant. No other summons was issued or served upon John B. Chambers as executor, and he was only brought into the case as executor in the manner above stated. The constable who served the summons signed the return, to which an affidavit was attached showing that service had been had upon John B. Chambers individually and as executor. A motion was made by John B. Chambers, as executor, to quash the summons and service as to him as executor, which was overruled and the case proceeded thereafter to final judgment. The judgment of the court directed the payment of the damages to John B. Chambers as executor, for the use of himself and his co-appellants, and directed the payment of $160 to each.

Appellants insist that the court erred in taking jurisdiction of John B. Chambers as executor. If John B. Chambers, in his capacity as executor, was a necessary party to this proceeding the question raised would require serious consideration, but we are of the opinion that he was not, in his representative capacity, a necessary party. The will does not, by express language or necessary implication, give him any title to the real estate. He is merely directed to rent it during the lifetime of the widow, pay the taxes, keep up the repairs and pay the widow $400 per year, and distribute the balance, if any, to the five children of the testator. At the death of the widow the property is to be equally divided among the five children. The will vests the whole title in the five devisees, subject to an annuity of $400 to the widow, which the executor is directed to pay out of the rents of the land. Nowhere does the will purport to devise the land to the executor, and the execution of the powers conferred upon him does not require

that he should have any title to the land.    He therefore had no interest, as executor, to be condemned and was entitled to no damages in his capacity as executor.    The rule in this class of cases is, that all persons having any interest in the property which will be affected by the proceedings are entitled to be heard and should be made parties; and, conversely, it is not necessary or proper to bring in persons who have no interest or whose interests are of such a character that they will not be affected by the proceedings.    (15 Cyc. 837;  *Allen* v. *City of Chicago*, 176 Ill. 113.)    John B. Chambers, as executor, had no interest requiring that he be made a party in his representative capacity.    In condemning lands constituting the estate of a deceased person the proceeding is properly brought against the heirs unless there be a statute requiring the executor or administrator to be made a party defendant.    (15 Cyc. 839, and cases cited.)    John B. Chambers, as executor, being an unnecessary party, it is immaterial how he was brought into the case or whether he was brought in at all.

On the trial of the case in the circuit court appellees called Samuel Collison as a witness, and he testified that he was a banker, residing in Rossville, and that he also was engaged to some extent in farming.    He testified that he owned about 60 acres of land adjoining the proposed highway.    He pointed out on a map the location of the proposed highway and its location with reference to his land. After having given evidence of these preliminary matters an objection was interposed that it was not competent or material to show the location of the Collison land.    Thereupon the trial judge remarked that he did not know what the purpose of counsel was.    In answer to the suggestion of the court, Mr. Dyer, counsel for appellees, stated that the purpose was to show that he (Collison) had an easement across appellants' land, and stated that it was his purpose to introduce in evidence a surrender or release of that easement if the proposed highway be opened.    Counsel for ap-

pellants objected, and the court asked whether the easement was along the line of the proposed road, and it was stated by appellees' counsel that it was not,—that the easement was south of the proposed road. Counsel for appellees then stated that he had a release, duly executed by Collison under seal, of the easement, which he would introduce in evidence, and stated that "if the highway is opened then it is released forever." Objection was then made, both to the statement of counsel as being prejudicial and also to the release as immaterial. The court held that appellees were entitled to show that Collison proposed to release his easement over appellants' land in mitigation of damages to land not taken, and this ruling was excepted to. Appellees' counsel then proceeded to show the existence of the easement, and counsel for appellants admitted that there was an easement over appellants' land from the Collison land to a highway which was appurtenant to the Collison estate. The written release of the Collison easement was not thereafter formally offered in evidence and it does not appear in the record, but it is clear from what occurred that appellees had the benefit before the jury of whatever reduction of damages the jury might allow by reason of the proposed release of the Collison easement.

Appellants insist that it was error to introduce any evidence in respect to the Collison easement, or its proposed release, for the purpose of affecting the damages to be assessed to appellants. In proceedings under the Eminent Domain statute the comdemner may stipulate of record that he will perform a particular specified work, such as building bridges, removing and replacing buildings, fences and the like, or that he will only use the condemned property in a particular manner, and these stipulations will be binding and enforcible and may be considered by the jury in arriving at the amount of damages to be assessed, but this rule cannot be extended so as to give the condemner the benefit of a release of an easement by a third party. The

Collison easement, we infer from the meager showing of the record on that subject, was a right of way from the Collison land across appellants' land to a highway. Collison had no right or title to such an easement which he could sell or transfer separate and apart from his land. Manifestly it was a mere appurtenance to the 60 acres which he owned adjoining the Chambers farm. True, he could release it to the owner of the land upon which it was a burden but could not transfer it to the road district, directly or indirectly, nor could he donate it, in connection with this condemnation proceeding, to the public and thereby reduce the damages appellants were justly entitled to. If, after the highway in question shall be opened, Collison finds it more convenient to use the public highway than his private way he can abandon the private way, and it will then revert to appellants, who own the fee of the land burdened with the easement.

While we do not care to discuss the evidence bearing upon the amount of damages, we have carefully considered the same and are impressed that the award is considerably under the amount that the evidence would have justified.

It is not necessary for us to determine whether, if the record were otherwise free from error, the judgment would be reversed because the damages are inadequate, but in view of the error which we have pointed out in respect to the Collison easement we are constrained to believe that that error must have influenced the jury in fixing the just compensation. In our opinion appellants are entitled to have their compensation assessed by a jury uninfluenced by any consideration of the value to them of having the Collison easement released.

The judgment of the circuit court of Vermilion county is reversed and the cause remanded.

*Reversed and remanded.*