(No. 34298.—

JOSEPH BREZNIK, Appellee, *vs.* ANNA BRAUN *et al.*— (JOSEPHINE STREIT *et al.*, Appellants.)

*Opinion filed May 23, 1957.*

A. Howard Langert, of Chicago, for appellants.

Lawrence C. Mills, of Chicago, (James A. Brandvik, and Margaret H. McDowell, of counsel,) for appellee.

Mr. Chief Justice Klingbiel delivered the opinion of the court:

Joseph Breznik, the owner of an undivided half interest in a certain block of 46 unimproved lots, filed a complaint for partition in the superior court of Cook County. As owners of the other undivided half, Anna Braun, or her heirs and devisees (as unknown parties) were made defendants, were served by publication, and were defaulted for want of appearance. A decree for partition was thereafter entered, finding that plaintiff is the owner of an undivided half; that the other undivided half is owned by Anna Braun, if living, or by her heirs or devisees if she is dead; and that the names of such heirs or devisees are unknown.

A commissioner was appointed to make partition or to value the parcels if the land was not susceptible of division.

After the commissioner had apparently filed a report valuing the property at $15,000, the plaintiff filed a petition for decree of sale alleging that the premises have a value of less than the commissioner's appraisal because of certain unpaid taxes and mortgages which were not taken into consideration; that the plaintiff had paid taxes from 1903 to 1932 on his undivided interest, the amount of which taxes "should be recovered by him"; that there is outstanding "against the said property" a trust deed to Chicago Title and Trust Company in the amount of $1000 and a trust deed made by plaintiff to L. C. Mills in the amount of $8000; and that any sale of the premises should be made subject to such unpaid taxes and trust deeds. A decree for sale was entered in accordance with the prayer of this petition.

Josephine Streit and Raymond G. Streit thereafter filed a petition alleging that they own an undivided one-tenth interest in the premises as heirs of a devisee of Anna Braun; that they had no previous knowledge of the suit; that the $8000 encumbrance is secured only by plaintiff's undivided half interest; and that the premises should be partitioned rather than sold. They prayed to be heard touching the matter of the decree theretofore entered, and, upon a hearing, to have it set aside, altered or amended as shall appear just. The plaintiff answered the petition denying that the Anna Braun referred to therein is the same Anna Braun named as defendant in the suit, and praying that the petition be dismissed. A hearing was had before the master, who found that there was no evidence connecting petitioners with the defendant Anna Braun, and that they therefore had no interest in the premises. Exceptions to the master's report were overruled and the court entered a decree dismissing the petition. The petitioners appealed direct to this court, a freehold being involved. Clifford and Patricia

Theriault, having taken a conveyance of petitioners' interest in the premises, have been added as parties appellant by order of this court.

The only substantial issue involved in this appeal is whether the evidence supports the finding that appellants have no interest in the premises entitling them to be heard. No evidence or argument was presented to the master concerning the propriety of the decree for sale, and no findings were made on such matters.

A contention is made by appellee that we should not consider the issue herein on its merits because the verified petition alleged ownership in petitioners, whereas in fact they had conveyed away their interest by quitclaim deed prior to the filing of the petition. It is urged that by such acts they have exhibited a lack of good faith and should be barred from equitable relief under the clean-hands doctrine. While petitioners' conduct in falsely alleging ownership cannot be condoned, their grantees are also parties on this appeal and are entitled to have their rights protected. Moreover, the misconduct complained of could result in no injury to the appellee. His contention must therefore be rejected.

The question whether appellants have shown an interest entitling them to be heard depends upon whether the Anna Braun through whom they claim title is the same Anna Braun named as defendant. It is not disputed that if such identity has been sufficiently proved they are entitled to be heard. (Ill. Rev. Stat. 1955, chap. 110, par. 50.) The record discloses that in 1902 the defendant Anna Braun obtained title to an undivided one-half interest by deed from Amelia Romain, who in turn had acquired title in 1895 from one Valentine H. Surghnor. It further appears that one Anna Braun died in 1919 leaving a will by which she bequeathed and devised all her estate equally to her five children, including one Emma Streit.

Harold Romain, 68 years of age, testified that Amelia

Romain, who died in 1911, was his mother, and that her mother was Anna Braun. He further testified that he was acquainted for many years with Valentine Surghnor, a friend of the family; and that the petitioners, Josephine and Raymond G. Streit, are the children of Emma Streit, who was his mother's sister. The appellee introduced no evidence, relying solely upon a stipulation that the inventory filed in the estate of the Anna Braun referred to in the petition, failed to include any real estate.

We think it has been clearly proved, in the absence of evidence to the contrary, that the Anna Braun through whom the appellants claim their interest was the same Anna Braun who was named as defendant in the suit for partition. It has been uniformly held in this State that identity of name raises a presumption of identity of person. (*People* v. *Casey*, 399 Ill. 374, 379; *Sharp* v. *Sharp*, 333 Ill. 267; *Clifford* v. *Pioneer Fire-Proofing Co.* 232 Ill. 150; *Allen* v. *City of Chicago*, 176 Ill. 113, 121; *Filkins* v. *O'Sullivan*, 79 Ill. 524; *Brown* v. *Metz*, 33 Ill. 339; *Bell* v. *Bankers Life & Casualty Co.* 327 Ill. App. 321.) In the present case the presumption does not stand alone but is supplemented by evidence showing that petitioners' mother bore the same maiden name (Braun) as the Amelia Romain who conveyed to the record owner, Anna Braun, and was acquainted with Valentine Surghnor whose name also appears in the chain of title. Such proof, standing uncontradicted, is ample to establish identity; and the finding to the contrary was manifestly against the weight of the evidence. The fact that the inventory failed to include the property is only of slight evidentiary value (Cf. *Bailey* v. *Robison*, 233 Ill. 614, 619,) and is insufficient to justify the master's conclusion.

The decree appealed from is reversed, and the cause remanded with directions to hear the allegations of the petition concerning the decree for sale; and if it appears

on such hearing that said decree ought not to have been made, then to set it aside, alter, or amend it as appears just.

*Reversed and remanded, with directions.*