JAMES CLIFFORD, Appellee, *vs.* THE PIONEER FIRE-PROOF-
ING COMPANY, Appellant.

*Opinion filed December 17, 1907—Rehearing denied Feb. 6, 1908.*

1. BRIEFS—*argument on facts is improper in Supreme Court in suit at law.* An argument discussing questions of fact, the weight of the testimony, contradiction of the witnesses, and other kindred questions, has no place in the Supreme Court upon appeal from a judgment of the Appellate Court affirming a judgment in an action at law, such questions not being reviewable in the Supreme Court.

2. EVIDENCE—*rule as to proof of conviction of witness in civil case.* In a civil case the conviction of the witness of an infamous crime, such as rape, may be proved for the purpose of affecting his credibility, either by the record or by parol evidence; but it is essential, whichever method is adopted, that enough be proved to show the jurisdiction of the court and a conviction, unless the fact is admitted by the witness or the party for whom he testifies. (*Gage v. Eddy,* 167 Ill. 102, explained.)

3. SAME—*identity of witness with person convicted is presumed if names are the same.* In a civil case, where it is sought to discredit a witness by proving his conviction of an infamous crime by the record of such conviction, if the name of the witness is the same as that of the person convicted the record is admissible without first identifying the witness as the person convicted, since such fact will be presumed if not denied.

4. SAME—*record of conviction must show elements essential to valid conviction.* It is improper, in a civil case, to admit in evidence, for the purpose of impeaching a witness, a portion of the record of his conviction of an infamous crime, which shows merely the arraignment, trial, verdict, motion for new trial, overruling of such motion and the sentence, but which fails to show the indictment or the return thereof in open court, which are matters essential to the jurisdiction of the court to pronounce judgment and must appear of record.

5. APPEALS AND ERRORS—*effect where evidence that a witness was convicted of crime is improperly admitted.* Improper admission of evidence to show that a witness in a civil case tried by a jury had been convicted of an infamous crime will not require reversal of the judgment, where his testimony, had it been regarded by the jury as absolutely true, is such as would not have affected their verdict.

6. INSTRUCTIONS—*when party is not entitled to complain of refusal of instruction.* If counsel presents a number of instructions embodying the same principles of law in varying language, he has no ground for complaint, on appeal, that the court refused to give the one which, in the opinion of counsel, states the law in more apt language than do the ones given.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. S. C. STOUGH, Judge, presiding.

McDOUGALL, CHAPMAN & BAYNE, for appellant.

BUTTERS, ARMSTRONG & FERGUSON, (ROBERT CARR, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On May 18, 1903, the appellant, Pioneer Fire-Proofing Company, was engaged in making fire-proofing material at its factory in the city of Ottawa and obtained its clay for that purpose from a pit east of the city, about two miles from the factory. It had a tramway to the clay pit, over which it hauled the clay in small cars by a trolley motor. At the pit there was a main track, switch track and spur track. The appellee, James Clifford, was working for appellant at the pit, hauling with a horse empty cars which had been delivered on the main track by the motor, into the pit so that the men could load them, and then hauling them out and setting them on the main track and making up trains. When there were from eight to fifteen loaded cars the motor would haul the train to the factory. The loaded cars were brought down on the switch track and drawn back a short distance on the main track to make up the train. On the morning of that day appellee was hauling two loaded cars east over the switch on the main track. A car moved only by gravity came down on the north side

on the switch track and struck his car where the switch track and main track were near each other. He turned the horse toward the south so that the car did not strike the horse, and he went in between the west end of the car which collided with his and the east end of the two cars that he was hauling, to unhook the horse. While he was in there a loaded car was sent down the switch track and ran against the car which had just previously come down and had struck his car. The effect was to catch him between the cars and break his leg and otherwise injure him. He brought this suit against appellant in the circuit court of LaSalle county to recover damages for his injuries and filed a declaration consisting of one count. At different times afterward, by leave of court, he filed additional counts,—eight in all,—most of which were useless and merely stated the same facts with an enlarged vocabulary. The negligence charged against appellant which there was evidence tending to prove was, that the brakes provided for checking the speed of the cars, which were allowed to move by force of gravitation, were not in good repair, and particularly that the brakes used were so worn, loose and ineffective as to be useless for controlling the cars, and that it was through such condition that the last car ran against the other car and pushed it against appellee. The defenses were assumed risk, negligence of appellee, and that the injury resulted from negligence of William Foster, a fellow-servant of appellee, who was also hauling cars with a horse upon the track. The cause has been tried three times, and on each trial appellee recovered a verdict and judgment. The first two judgments were reversed by the Appellate Court for the Second District on appeal and the last was affirmed. From the judgment of affirmance this appeal was taken.

A great part of the lengthy argument filed in this court on behalf of appellant is occupied with a discussion of the facts and the weight of the evidence, with an entire dis-

regard of the well known rule that such matters cannot be considered by this court.  In that argument it is contended that the testimony of the appellee given on the trial was unworthy of belief, and there is an examination of the testimony of the witnesses for each party on every question involved in the case.  After discussing questions which may be considered in this court, counsel finally wind up by asserting that the judgment of the Appellate Court should be reversed and the cause not remanded because there is no testimony in the record fairly tending to prove the allegations of the declaration or to prove a cause of action in favor of the appellee.  There is no point made or stated in the brief for appellant which raises that question as one of law, and the argument relating to the facts, the weight of the testimony and the contradictions of the witnesses is an imposition on the court.  The language of the argument in places shows that it is the same which was addressed to the Appellate Court, where argument of that sort was proper, but it has no place in this court.

Eugene Meyers testified as a witness on the part of the appellant, and the appellee was permitted by the court, against the objection of the appellant, to introduce the record of the circuit court of LaSalle county showing the trial and conviction of said Eugene Meyers of the crime of rape and his sentence to the penitentiary· for the term of five years.  By virtue of section 1 of the act in regard to evidence and depositions in civil cases the conviction of a witness of an infamous crime may be shown for the purpose of affecting his credibility, and the fact of such conviction may be proved like any fact not of record.  The crime in question was an infamous one, such as at common law excluded the person convicted from being a witness in either a civil or criminal case and was such a crime as the statute contemplates.

Several objections are made to the evidence, the first of which is that there was no evidence identifying Eugene

Meyers, the witness, as the same person convicted of the crime. Upon the authority of what was said in *Gage* v. *Eddy,* 167 Ill. 102, as to the method of proving a conviction at common law, it is insisted that testimony was necessary to identify the witness as the person convicted. We do not think that under our decisions evidence of identity is necessary to the admission of the record where the names are identical. In the case of *Brown* v. *Metz,* 33 Ill. 339, it was held that where the name of a subsequent grantee of land is the same as that of a prior holder he would be presumed to be the same person. That is the presumption in every case in making proof of title, and we see no reason why the rule should not prevail in any civil action. In *Filkins* v. *O'Sullivan,* 79 Ill. 524, where a writ was served by a person bearing the same name as that of one of the plaintiffs, it was held the court would presume from the identity of names that the person who served the summons was one of the plaintiffs. Some names are so common that perhaps the inference of identity would not be very strong, and whether it would be sufficient to establish the fact beyond a reasonable doubt is not involved here.

The record, however, was insufficient for the reason that the indictment and the return of the same into court were not proved. The essential facts to give a court jurisdiction to pronounce the judgment of conviction must be proved, and the fact that an indictment is returned and presented in court must appear of record. (1 Bishop on Crim. Proc. sec. 923.) The record offered merely showed the arraignment, trial, verdict, motion for a new trial, overruling of such motion and the sentence. In the case of *Bartholomew* v. *People,* 104 Ill. 601, it was said that where a party undertakes to discredit a witness because of his conviction of an infamous crime he must make legal proof of the fact, and that at least the caption, the indictment, the returning of the indictment into open court by the grand jury and the arraignment of the defendant are as indis-

pensable parts of the record as the judgment of conviction. In *Kirby* v. *People,* 123 Ill. 436, what was said in *Batholomew* v. *People* was repeated, and the court added the further essentials of the empaneling and verdict of the jury or the waiver of a jury. It was held clearly an error to admit a copy of a part of the record in evidence omitting the indictment. In *Gage* v. *Eddy, supra,* it was held that the conviction of crime could be proved in a civil case, just as any other fact, without producing the record, but it was not held that any element necessary to a valid conviction could be omitted, whether proved in one way or another. Unless admitted by the witness or the party for whom he testifies, there must be enough proved, either by the record or by parol, to show the jurisdiction of the court and a conviction, and in this case it was attempted to make the proof by the record while material and essential parts were omitted.

It is further contended that the judgment did not show of what crime Meyers was convicted, and counsel for appellee reply that under the decision in *People* v. *Murphy,* 188 Ill. 144, the caption "Indictment for rape" was sufficient. In the case cited there was a complete transcript of the proceedings annexed to the petition for the writ of *habeas corpus,* which showed that the relator was regularly indicted for the crime of murder; that he entered his plea of not guilty; that he was put on trial; that a verdict of guilty was returned against him which found him guilty in manner and form as charged in the indictment, and that judgment was pronounced on that verdict. It is only where a judgment of conviction is void that a court will discharge on *habeas corpus,* and it was said that the judgment in that case was not void, but that all parts of the record will be interpreted together, and the record, as a whole, was clearly sufficient. In this case the indictment was not offered, and if it can be said that the record showed the nature of the crime, the admission of the evidence was improper.

If the evidence of Meyers, when taken to be true, would justify the belief that it would affect the result upon another trial the judgment would have to be reversed. We are of the opinion, however, that, taking everything he said to be absolutely true, it could not affect the result. He merely contradicted the appellee as to the time of the injury and the fact that appellee had been at a certain place in the pit. He did not see the accident or know the cause of it or anything about it, or whether it was due to the negligence of appellant, appellee or any one else. If the jury had believed him as to both these matters he testified about it would not have affected the verdict.

The attorneys for appellant presented to the court forty-seven instructions, of which the court gave to the jury twenty-three and the rest were refused. It would be impossible to formulate forty-seven different propositions of law relating to the issues in this case, and the instructions were necessarily mere repetitions of the same principles, so far as they stated the law and were applicable to the case. The court gave several instructions on each of the material propositions and would have been justified in refusing many that were given. While attorneys have a right to present to the court as many instructions as they deem necessary, they must, of course, expect that if they present such a number as were offered in this case they will, of necessity, receive but hasty and scant attention. Useless burdens were imposed upon the trial court in the examination of the volume of instructions offered, and in such a case a court of review would be very loath to reverse a judgment if some slight error had been committed by the court.

The first refused instruction which is the subject of argument is the twenty-fifth, and it is said that the substance of this instruction was not embodied in any of those given. That is a clear mistake, since every principle stated in it was included, with others, in the very first instruction given.

By that instruction the jury were advised that they must find a verdict for the appellant unless appellee had proved, by at least a preponderance of the evidence, various things, among which were, that his injuries were not the result of his own carelessness or negligence and that the injury was not the result of the negligence of a fellow-servant, as defined in the instructions. The twenty-fifth instruction, which was refused, stated that if the injury to the appellee was occasioned by his own negligence, carelessness or want of skill, or that of his fellow-servant engaged in the same line of service, the jury should find the defendant not guilty. In fact, most of the complaints made are that the court did not repeat the same things in different instructions.

The next complaint is, that the court refused the twenty-ninth instruction, and as to that counsel say: "It may be contended that all the elements entering into this instruction were given by the court to the jury in other instructions, but it seems to us that the instruction embodies a statement of the law in more apt language than the other instructions, and that it should have been given." It is true that every principle contended for in the instruction was given in other instructions, and if counsel thought the language in this instruction more apt than in the others they should have offered this one and retained the others.

We find no error in the record except the improper admission of evidence as to the conviction of Meyers, and that would not justify a reversal.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

FARMER and VICKERS, JJ., took no part in the decision of this case.