[Criminal No. 479.  Filed February 25, 1920.]

[187 Pac. 579.]

# CARRIER THOMPSON, Appellant, v. STATE, Respondent.

1. FORGERY—INFORMATION .SUFFICIENT.—In prosecution, under Penal Code of 1913, section 468, charging forgery of purported last will of named person, and setting out such will, and that defendant forged the name of certain person to the will, though appearing to make two charges against defendant, that of forging the will and that of signing another person's name, *held* sufficient, in that, under section 934, it describes the acts constituting the offense in such a manner as to enable a person of common understanding to know that the act charged as criminal is the signing of the name, as the name appears signed to the purported will.

2. CRIMINAL LAW—EVIDENCE OF DEFENDANT BEING GUILTY OF BIGAMY INADMISSIBLE IN PROSECUTION FOR FORGERY.—In prosecution for forgery of name to will, the admission of evidence as to defendant being guilty of bigamy *held* error; such evidence in no manner serving to illustrate or to establish defendant's intent or motive in the commission of the forgery, in absence of a showing that the forgery of a will was in some way the result of the bigamy, or in the remotest degree connected therewith.

3. CRIMINAL LAW—EVIDENCE OF ADMISSION OF BEING GUILTY OF BIGAMY HELD PREJUDICIAL ERROR IN FORGERY PROSECUTION.—In prosecution for forgery, the erroneous admission of evidence as to declaration by defendant that he had committed bigamy *held* prejudicial error, notwithstanding defendant's denial thereof under oath.

APPEAL from a judgment of the Superior Court of the County of Yavapai.  John J. Sweeney, Judge. Reversed and remanded.

Messrs. O'Sullivan & Morgan, for Appellant.

Mr. Wiley E. Jones, Attorney General, Mr. Clyde M. Gandy, Mr. Louis B. Whitney, Mr. Alexander B. Baker, and Mr. F. J. K. McBride, Assistant Attorneys General, for the State.

CUNNINGHAM, C. J.—The appellant assigns error, alleging that the information is fatally defective in a number of particulars; that the court committed error in allowing the introduction of damaging evidence over the appellant's objections, particularly the introduction of evidence tending to prove appellant's statement and other evidence, showing that he is guilty of the crime of bigamy. There are a number of other alleged errors.

The statute upon which this prosecution was based is as follows:

"Every person who, with intent to defraud, . . . falsely makes, alters, forges or counterfeits any . . . will, testament, codicil, . . . is guilty of forgery." Section 468, Pen. Code 1913.

The information charges the forgery to have been committed—

"as follows: That at the county of Yavapai, state of Arizona, on or about the 3d day of May, A. D. 1919, and prior to the filing of this information, the said Carrier Thompson did then and there willfully, wrongfully, unlawfully, falsely, and feloniously make and forge a certain instrument, purporting to be the last will and testament of one William Debus, which said instrument is in words and figures following, to wit: [The instrument follows, and is signed thus:

"William E. X Debus."] That the said Carrier
           his
           mark
Thompson, the above-named defendant, did then and there falsely, fraudulently, unlawfully, and feloniously forge and sign the name of the said William Debus to said will, with the intent then and there and thereby to defraud the said William Debus and his lawful heirs and devisees—contrary to the form," etc.

The information is not altogether as specific in the particulars with regard to the criminal act charged as it might be. Room for different construction of

the charge sought to be made exists. Appellant with some degree of plausibility contends that two charges are sought to be made. First, a charge for forging the will in question; and, second, the signing of another person's name to the will. The will is set out *verbatim* in the face of the information, followed by the allegation that the accused signed the name of the purported testator to the said instrument.

No doubt can exist, from the face of the information, that the act charged as criminal is the signing of the name as that name appears signed to the purported will. Such is the act intended to be charged. The name of William Debus was signed to the said purported will by the defendant with the intent to defraud. The information is not a model of pleading. However, the language used in the information, in stating the acts constituting the offense, describes such acts in such a manner as enables a person of common understanding to know what is intended. Section 934, Pen. Code 1913. The information is not subject to the demurrers interposed. The inconsistencies on the face of the information are not fatal, and as mere irregularities they were properly disregarded as surplusage. We are to be understood as criticising this form of expression in the information, but not as condemning it as fatal.

Upon the trial, the following occurred: On direct examination by the prosecution, witness Dyer referred to a general conversation he had with the defendant in defendant's rooms, saying:

"On the night of the 10th [of April] he [Thompson] took me to his room and showed me some blankets, and later on he showed me a marriage certificate."

The defendant's counsel objected to the testimony with reference to the marriage certificate. The ob-

jection was overruled. The marriage certificate was identified and offered in evidence, to which the defendant objected. The court overruled the objection, and marked the certificate "Plaintiff's Exhibit A," and admitted it in evidence. The exception of the defendant was duly noted. In response to a question, the witness stated that the showing of the marriage certificate and the talking at the time caused the witness and the defendant to become more friendly, "and he said, in case I was ever asked where I was on the 3d of March—" The defendant interposed an objection "to any testimony concerning this marriage certificate, or anything in this case outside the issue."

This objection was overruled. The witness passed on to other matters pertaining to the forging of a check by someone after a blank check was left in Thompson's possession. This evidence was also the subject of defendant's objections and exceptions. Thereupon the witness testified about matters pertinent to the case. The cross-examination of this witness followed and closed. On redirect examination by the state, this witness was asked this question:

"Q. Going back, Mr. Dyer, to this marriage license or certificate, will you state just what Mr. Thompson, the defendant, said about that after he showed this marriage license to you? (The defendant objected, and the objection was overruled.) A. The evening he showed me this marriage license, he said he had to stay in readiness to leave in case some woman got on to him, and this woman, that he had another wife back East.

"Q. What was finally said as to the date he married this woman—this last one? (The defendant objected, and the court overruled the objection.) A. He told me it was March 3d, and asked me to say, if I was ever asked to say, that I was at Flagstaff on that date and saw him there."

The appellant assigns as error the admission of such testimony as prejudicial to his rights in this case.

The evidence objected to was clearly inadmissible for any purpose. The offense of bigamy is wholly unrelated to the offense of forgery in the circumstance in which each offense is attempted to be shown to have arisen. We said, in *Crowell* v. *State,* 15 Ariz. 66, 136 Pac. 279:

"The general rule is that evidence of offenses other than that for which the defendant is on trial cannot be introduced."

We also stated the recognized exceptions to the general rule. Sufficient discussion of the questions involved appears in that case. The evidence here involved certainly is not admissible under the general rule, nor under any of the recognized exceptions. The offense of bigamy is not of a kindred character with the offense of forgery, and in no manner serves to illustrate or to establish the defendant's intent or motive in the commission of the forgery, the act directly under investigation. The case of *Wood* v. *United States,* 16 Pet. 342, 10 L. Ed. 987, relied upon by the respondent is not in conflict with the cases, *supra.* We think, under the authorities cited, the court clearly committed reversible error when the witness Dyer was permitted to testify as to the marriage and marriage license and the statement he claimed this appellant made with regard to the commission of the crime of bigamy.

The appellant may or he may not have committed bigamy. That matter has no relation to the forgery of a will of a person wholly unrelated to the parties concerned in the matter of bigamy. The prosecution makes no attempt to prove that the forgery of the will was in any way the result of the bigamy, or in the remotest degree connected therewith. The only

purpose in offering such evidence is to cause the jury to believe that the accused had such a low moral character that he was capable of committing the crime of forgery of a will, inasmuch as he admitted that he had committed bigamy.

This is clearly prejudicial, and the appellant's denial under oath does not serve to remove the prejudicial effects of such testimony. The appellant has, in law, been denied a fair and impartial trial, and consequently the judgment of conviction must be reversed.

Other assignments of error are stated and argued, but we presume the same errors, if any, will not again be committed upon a new trial.

Reversed and remanded for a new trial.

ROSS and BAKER, JJ., concur.