(No. 29848.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* THOMAS BUFORD, Plaintiff in Error.

*Opinion filed January 22, 1947.*

GUNN, C.J., specially concurring.

BRADEN, HALL, BARNES & BLAKEY, (HOUSTON H. HALL, of counsel,) both of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, all of Chicago, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error, Thomas Buford, was convicted by a jury in the criminal court of Cook county of the crime of assault with a deadly weapon, with intent to kill one Theodore Flowers, and was sentenced to the penitentiary for a term of not less than eight nor more than twelve years. He now prosecutes this writ of error.

Flowers testified for the People that at 10 o'clock on the morning of August 12, 1945, while standing in the vicinity of 31st street and Indiana avenue, with a baby in his arms, he was struck in the back of his right shoulder by a bullet; that, on turning, he saw plaintiff in error, Buford, a few feet behind him with a gun in his hand; that complaining witness dropped the baby and started to run, and Buford fired again hitting him in the back of his left shoulder. Flowers testified that he continued to run until he reached a drugstore where he summoned the police. He stated that he was not aware of Buford's presence until struck by the first shot, and that he had no explanation for what prompted the shooting.

Complaining witness further testified that he later saw plaintiff in error in front of his, witness's, home watching a fire; that he, witness, sent his wife to summon the police but plaintiff in error met her on the porch, drew a gun, and forced her back into the building. In this episode he

was corroborated by his wife, Ruth Flowers, who stated that plaintiff in error threatened both her and her husband at the time. This evidence, with that of two police officers who testified as to the search for plaintiff in error and his arrest, was the evidence offered by the State.

Plaintiff in error testified in his own defense that the shooting was done in self-defense. He testified that he had had trouble with Flowers over witness's wife; that on two occasions, in the presence of witness's wife, Flowers had threatened him with a knife, and on one occasion Flowers knocked him down when witness told him to leave his wife alone, and pulled a knife, but was restrained by two men, and that Flowers threatened to kill him next time he saw him.

In his version of what occurred on August 12, plaintiff in error testified that he was walking along the street with groceries in his arms, including a paper sack containing a revolver, which belonged to and was being delivered to a tavernkeeper who was a roomer in the Buford home; that he met Flowers, who drew a dirk-like knife and came at him threatening to kill him; that he fired the gun to scare Flowers and with no intention of hitting him; that, being excited, he fired the gun twice. He denied that Flowers had a baby in his arms and also denied that he had been near the Flowers apartment on December 3, or that he had ever seen or threatened Mrs. Flowers.

In rebuttal, the complaining witness, Flowers, denied threats or assaults against plaintiff in error with a knife and denied any misconduct with Buford's wife at any time. Further, in rebuttal the State put in evidence, over objection, an exemplified copy of a judgment of conviction rendered by a court in the State of Ohio, against one Oscar Jones, of the crime of grand larceny. A police officer had testified that he had known the accused for over five years and that he also went by the name of Oscar Jones.

It is here contended by plaintiff in error that the court erred in admitting the exemplified copy of the conviction in the State of Ohio and that his conviction here was contrary to the law and the evidence. In support of his first contention plaintiff in error argues that before the foreign judgment was admissible in evidence it must be proved that Thomas Buford, the plaintiff in error, was the same person as Oscar Jones, and further, that at the time of the conviction Thomas Buford was in the county where the criminal proceedings were had. This question under exactly these facts has not previously been considered by this court. In *People v. Schanda,* 352 Ill. 36, the argument was that the record of conviction was erroneously received in evidence because there was no proof that the Frank Schanda named in the record was the defendant Frank Schanda. It was there held, however, citing *Clifford v. Pioneer Fire-Proofing Co.* 232 Ill. 150, that the record of a conviction of a witness for an infamous crime was admissible to affect his credibility without evidence of the identity of the person convicted as the witness other than the identity of names, as such fact will be presumed if not denied. While this was a civil case, the same rule has been held to apply in criminal cases. *People v. Lawson,* 331 Ill. 380.

The conviction of an infamous crime in either case is allowed to be shown for no other purpose than to affect the credibility of the witness. Such record is not introduced, and cannot be considered, for the purpose of proving guilt, but only for the purpose of discrediting him as a witness. Proof of such conviction need not, therefore, be made beyond a reasonable doubt before such evidence may be considered on the question of credibility. In this case, Buford was identified without dispute as using both the names Oscar Jones and Thomas Buford. Under the circumstances and because of the limited function of the

record of a previous conviction, the trial court was justified in finding that Buford and Oscar Jones had been identified as one and the same person. Buford made no denial of that identification and no evidence was introduced by him to overcome the presumption that the identification was correct.

It is next contended that the record of prior conviction should not have been introduced because it was too remote in point of time, it having occurred on January 4, 1930, and that the People should have first shown that plaintiff in error's bad character, if such he had, continued from the time of the prior conviction. Plaintiff in error places reliance on the case of *People* v. *Willy,* 301 Ill. 307, in which it was held that any rebuttal evidence, introduced by the People, bearing on the character of the defendant, should be confined to a time not very remote from the commission of the crime, and should relate to the time when the character of the defendant would tend to illustrate the act charged. This contention overlooks the fact that a previous conviction for an infamous crime is allowed to be shown for no other purpose than to affect his credibility, (*People* v. *Schanda,* 352 Ill. 36; *People* v. *Lawson,* 331 Ill. 380,) and is not to prove guilt. The *Willy case* had to do with proof of character. The evidence under discussion in the *Willy case* was of the character of defendant. The introduction of such record of conviction for the purpose of affecting the credibility of a witness, or the defendant who has voluntarily testified, is provided for by statute. That statute fixes no limitation as to the time of such previous conviction. (Ill. Rev. Stat. 1945, chap. 38, par. 734, p. 1271.) This contention cannot be sustained.

Plaintiff in error's further objection to the record of previous conviction is that the exemplified copy introduced does not show that Oscar Jones was represented by counsel in the Ohio proceeding. He maintains that for that reason the judgment against Jones in that case was void and the

record thereof cannot be used in this case. An examination of that record discloses nothing therein to indicate that Jones asked or demanded that counsel be appointed to represent him. It is the rule that the right of a defendant to be represented by counsel is a personal right which he may waive or claim, as he himself may determine. (*People* v. *McElhaney,* 394 Ill. 380; *People* v. *Foster,* 394 Ill. 194.) Thus, in the absence of any showing in the exemplified record that Oscar Jones demanded and was refused counsel, full faith and credit will be given to the Ohio judgment, and it was properly admitted in evidence for whatever effect it may have had in the matter of his credibility as a witness. *People* v. *Batey,* 392 Ill. 390.

The final contention of plaintiff in error is that the judgment of the trial court was contrary to the law and the evidence. He cites a number of cases defining self-defense. No repetition or analysis of the evidence already recited is necessary at this point. However, it should be noted that the testimony of the complaining witness and that of plaintiff in error are utterly irreconcilable, and, if the former was to be believed, no element of self-defense entered into the assault. It is the often-stated rule that the credibility of witnesses and weight of evidence are, in the first instance, questions best determined by the jurors, who are in a position to see and hear the witnesses and to observe their behavior and demeanor on the witness stand. In this case the jury was justified in finding that the accused did not act in self-defense. It was conclusively shown that complaining witness was shot twice in the back from a distance of some twelve feet, and that plaintiff in error fired those shots. This contention is without merit.

Plaintiff in error also complains of certain remarks of the assistant State's Attorney, made during the conduct of the trial. The record discloses that during the argument on behalf of defendant in error in support of the admission into evidence of the exemplified copy of the judgment of

conviction against Oscar Jones, the assistant State's Attorney made the following statement: "Let him take the stand and deny it and we will present some more evidence. You say he is not the man?" It is contended that this statement so influenced the minds of the jurors that plaintiff in error did not receive a fair and impartial trial. It should be noted that no objection was made to this remark, nor was an instruction requested telling the jury to disregard it. Plaintiff in error had already taken the stand and completed his testimony, and the People had introduced, without objection or contradiction, testimony that plaintiff in error Buford was also known as Oscar Jones. In fact, counsel has waited until this appeal to raise the point. It cannot be urged here.

We find no error which would warrant a reversal, and the judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*

Mr. CHIEF JUSTICE GUNN, specially concurring.