(No. 30422.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* PATRICK LEO CASEY, Plaintiff in Error.

*Opinion filed January 22, 1948—Rehearing denied March 15, 1948.*

LAWRENCE F. O'BRIEN, and JEROME J. DOWNEY, both of Rockford, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, of Springfield, and MAX A. WESTON, State's Attorney, of Rockford, (ROBERT R. CANFIELD, and JOHN T. BEYNON, both of Rockford, of counsel,) for the People.

Mr. CHIEF JUSTICE MURPHY delivered the opinion of the court:

An indictment returned in the circuit court of Winnebago County, May 16, 1947, charged defendant, Patrick Leo Casey, with the crime of larceny of money to the amount of $2490, the property of one Charles W. Ainsworth. There were three counts in the indictment, each charging larceny, but the second count also charged that "Patrick Leo Casey, otherwise known as Pat Casey," had pleaded guilty in 1929 to an indictment in the circuit court of Buchanan County, Missouri, which charged robbery in the first degree. The Missouri judgment showed that Casey had been sentenced to the penitentiary for a period of ten years. As a second prior conviction, the second count charged that an indictment returned in the District Court of the county of Leavenworth, State of Kansas, charged "Patrick Leo (Pat) Casey" with the crime of robbery in the first degree, that Casey pleaded guilty to robbery in the third degree and that on such plea of guilty he was sentenced to "confinement and hard labor in the Kansas state penitentiary * * * for the offense of robbery in the third degree according to law."

Defendant pleaded not guilty in the instant case. On a trial with a jury, he was found guilty under the habitual criminal count and was sentenced to the penitentiary for fifteen years. During the trial the People introduced certified copies of the records of conviction of the Missouri and Kansas courts as had been pleaded in the second count. In addition to general objections made to the introduction of both transcripts, defendant's counsel objected to the introduction of the transcript of the Kansas conviction on the ground that robbery in the third degree, of which the defendant in that case had been convicted, is a crime unknown to the criminal laws of this State and that it is not one of the offenses specified in the Habitual Criminal Act which may be taken as grounds for imposing the increased penalty. The objections were overruled and both transscripts admitted in evidence.

Section 1 of the Habitual Criminal Act (Ill. Rev. Stat. 1947, chap. 38, par. 602,) provides that whenever any person has suffered punishment by imprisonment in the penitentiary for certain crimes therein specified, including grand larceny and robbery, and shall thereafter be convicted of any of such crimes committed after the first conviction, the punishment for the second offense shall be imprisonment in the penitentiary for the full term provided by law for such crime at the time of the last conviction, and if any such person has been twice convicted, he shall, on a third conviction, be punished by imprisonment in the penitentiary for a period not less than fifteen years.

The authenticated copy of the indictment of the Kansas proceeding shows that the defendant therein named took $40.03, the property of the Western Union Telegraph Company, that the same was taken from its agent, forcibly and against her will, and that the taking was accompanied by threats of violence to the agent which placed her in fear that she would receive some immediate injury to her person. It was not pleaded that defendant was armed with a gun or any dangerous weapon. The authenticated copy of the Kansas judgment shows that defendant's plea of guilty was not to robbery in the first degree as was charged in the indictment but to robbery in the third degree, and that he was sentenced to the penitentiary for the latter offense.

By virtue of section 1 of the act in relation to judicial notice (Ill. Rev. Stat. 1947, chap. 51, par. 48a,) courts take judicial notice of laws of a general nature enacted by any State and accordingly we note that the pertinent parts of section 21-529 of the Kansas statute (Kans. Gen. Stat. 1935, chap. 21, par. 21-529,) are that if any person shall threaten to do any injury to the person or property of anyone with a view or intent to extort or gain money or property of any description belonging to any other, and shall by intimidating him with said accusation or threat extort

or gain from him any money or property, such offender shall be deemed guilty of robbery in the third degree. Thus the Kansas statute makes threats the gist of third degree robbery, when they are made with the intent of extorting or gaining money or property of another, when by means of such threats there has been fear and intimidation accompanied by the taking of property.

The gist of the offense of robbery, both at common law and under the statute of this State, is the force or intimidation employed in taking from the person of another, and against his will, property belonging to him or in his care, custody or control. (*People* v. *Kubish*, 357 Ill. 531; *People* v. *Stathas*, 356 Ill. 313.) It will be noted that the element of threat and intimidation included in the statutory definition of robbery in this State is the gist of third-degree robbery in Kansas. The legislature of that State has retained the common-law element of threat and intimidation as a part of its definition of robbery but has distinguished between those cases where the property of another is taken with force or violence and cases where it is taken by means of threats and intimidation. The difference between the two classes of cases is not as to what constitutes robbery but rather as to the punishment, and this turns on the means by which the robbery is committed. Facts which would be third-degree robbery under the Kansas statute would, if they occurred in this State, be robbery under the statutory definition of that offense. Robbery as used in the Habitual Criminal Act, means robbery as defined at common law and by statute. Defendant was sentenced to the penitentiary in the former conviction and the crime of third-degree robbery under the Kansas statute could be pleaded as a former conviction under the Habitual Criminal Act.

It is contended the evidence is not sufficient to show that Patrick Leo Casey, defendant in this case, is the same person as the defendant described in the Missouri record as

"Patrick Leo Casey, otherwise known as Pat Casey," or that he is the same person described in the Kansas record as "Patrick L. (Pat) Casey." There is no evidence identifying defendant as being the same person named in the authenticated copies of the records introduced in evidence other than such presumption as would arise from the similarity in names. Defendant's contention on this point raises two questions, first, as to the degree of proof required to establish a former conviction in a prosecution under the Habitual Criminal Act, and, secondly, as to whether the similarity in names is sufficient to support a finding of a jury that they are one and the same person. We are unable to find that this question has heretofore been presented to this court in a case of this kind.

Defendant's plea of not guilty to the second count raised two issues; first, as to whether defendant was guilty of the grand larceny charged, and second, as to whether he had been previously convicted of the felonies charged to have been committed in Missouri and Kansas. It is elementary that as to the grand larceny charge defendant was presumed to be innocent until his guilt was established beyond a reasonable doubt.

The enhanced penalties authorized by the Habitual Criminal Act cannot be imposed until there has been a finding of fact that defendant had been convicted of one of the offenses specified in the act. Proof of such fact in this case meant to defendant an enhancement of a sentence of one to ten years for grand larceny to a determinate sentence of at least fifteen years, if both convictions were proved. We can perceive of no reason why the crucial fact of establishing the identity of the defendant with the former convictions should not be proved with the same certainty which the law requires as to the substantive offense. We are dealing with the degree of proof required to establish a fact which, if proved, inflicts a penalty of additional years upon a defendant. It would be contrary

to the law of what is right and just in a criminal action to hold that the enhanced penalty could be inflicted in the face of an uncertainty as to whether defendant was the same person as the one described in the records offered to prove the former conviction.

One of the facts to be proved to establish a prior conviction is to show the defendant charged with the commission of the substantive offense was the same person that was convicted and sentenced as shown by the record of the prior conviction.

Section 2, (par. 603) of the Habitual Criminal Act provides that "On any trial for any of said offenses, a duly authenticated copy of the record of a former conviction and judgment of any court of record, for either of said crimes [those specified in section 1] against the party indicted, shall be prima facie evidence of such former conviction, and may be used in evidence against such party."

It will be observed that the statute gives the authenticated copy of the record of conviction *prima facie* effect as evidence, but there is the further question as to the defendant being identified as the person previously convicted. Undoubtedly in civil cases the rule is that identity of names raises a presumption that the person named and the one referred to in the previous record is one and the same person. (*Clifford* v. *Pioneer Fire-Proofing Co.* 232 Ill. 150; *Filkins* v. *O'Sullivan,* 79 Ill. 524.) In the trial of a criminal case, the record of a prior conviction of an infamous crime may be introduced for impeachment purposes. In such case proof of such conviction need not be made beyond a reasonable doubt and the presumption arising from the identity of names will be sufficient. (*People* v. *Buford,* 396 Ill. 158; *People* v. *Lawson,* 331 Ill. 380.) In a prosecution under the Habitual Criminal Act, the defendant is clothed with the presumption of innocence and, as has been pointed out, this applies to the fact of his former conviction which, if proved, enhances the penalty.

The mere proof of a record containing identity of name with that of the defendant on trial is not sufficient to overcome the presumption of innocence where the enhancement of the penalty depends upon the proof of such fact. Defendant did not testify and there is no proof to show that he was ever in either of the counties from which the court records were obtained or that he was the same person as the defendant named in those cases.

Courts of other jurisdictions are not in agreement upon the sufficiency of such proof to establish the identity of the defendant. Cases which support the conclusion reached are *State* v. *Smith,* 129 Iowa, 709, 106 N.W. 187, and *State* v. *McCarty,* 210 Iowa, 173, 230 N.W. 379. (See Annotation 85 A.L.R. 1105.) For other cases containing analagous principles, see 79 A.L.R. 1337.

In facts very similar to those in the instant case, the court, in *State* v. *Livermore,* 59 Mont. 362, 196 Pac. 977, said: "The presumption of innocence is just as potent under such a charge [prior conviction] as under any other, and must be preserved in all its integrity until the contrary appears. In the case at bar the state is insisting upon an increased punishment upon the bare fact that the name of the defendant in the two cases is the same, without any proof, independent of the judgment roll to show it. Identity of name is presumptive evidence of identity of person * * * nothing more, but in a criminal action it cannot be said, as a matter of law, that it takes the place of a showing beyond a reasonable doubt that the defendant previously convicted is the person against whom the substantive charge is made. The effect of the finding upon the averment of a prior conviction was to fix the identity of the accused without any evidence other than similarity of name, and to bring upon him the enhanced penalty at the expense of constitutional guaranties no statute can impair." The evidence in this case did not prove beyond a reasonable doubt that defendant was the same person as the

defendant described in the authenticated copies of the Missouri and Kansas courts.

Other errors assigned refer to the giving of instructions. The criticism directed against them would not be sufficient in itself to cause reversal. On another trial, the instructions can be corrected to overcome the objectionable features.

For the reasons assigned, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*