370 P.2d 640

STATE of Arizona, Appellee,

v.

James C. HUNT, Appellant.

No. 1195.

Supreme Court of Arizona.

In Division.

April 11, 1962.

Rehearing Denied May 29, 1962.

**146**

Robert W. Pickrell, Atty. Gen., Stirley Newell, Asst. Atty. Gen., for appellee.

James C. Hunt, Phoenix, in pro. per.

JENNINGS, Justice.

James Clayton Hunt, hereinafter called defendant, appeals from a conviction of possession of marijuana under §§ 36–1002 and 36–1020 A.R.S. Defendant was charged with a codefendant, one Beverly Carpenter, with illegal possession of a narcotic drug, marijuana. Each was assigned the same court appointed attorney. While this does not specifically appear from the record, it would appear a conflict of interest developed and eight days before trial, on October 26, 1960, the court assigned separate counsel for the defendant. The matter was tried to a jury and a general verdict returned of "guilty upon the information".

Defendant prosecutes his own appeal and his brief is meager in the way of legal argument. The bulk of his contention centers on matters of fact which are outside the record and which cannot be considered.

In addition he claims that he was not adequately represented on the trial. No objections (except one which was incomplete) were made by the defense to any of the evidence offered by the State and there is no motion for new trial. A motion for directed verdict which was made is not founded on any supportable ground. In fact, there is nothing to protect the record on appeal.

The State submits the proposition, many times stated by this Court, that claimed error which is not supported by proper objection will not be considered on appeal. This is the rule. However, the court is required to review the entire record, A.R.S. § 13–1715, and to afford appropriate relief if it appears therein that there is fundamental error to the prejudice of defendant even though the matter was not presented to the trial court. State v. Pulliam, 87 Ariz. 216, 349 P.2d 781. The question then is whether there occurred during the trial or in the proceedings leading up to it, any event constituting fundamental error.

The trial was relatively short, the State's case including opening argument being presented in some 65 pages. In this space the State's witnesses and the prosecuting attorney without admonishment made mention of heroin not less than 15 times. Some of these references were in general terms but others were in direct connection with defendant. An instance of the latter is:

"A. We then asked James Hunt if he had any stuff, which is heroin.

"Mr. Gasser (codefendant's counsel): Your Honor, we make an objection at this time. We just want what the conversation was and nothing more.

"Q. (By Mr. Smith) Well, when you say "stuff" what do you mean?

"A. Heroin.

"Q. What did he say?

"A. He said he didn't have any at the time. He could get some later.
* * *"

And a conversation between defendant and a police officer is described as follows:

"But we asked him how long he had been using heroin and he said he had only a couple shots. We told him that we heard he was dealing—

"Mr. O'Brien: We object to the using—

"The Court: Proceed with the conversation. The objection is overruled.

"A. Dealing in heroin, dealing in heroin at 16th and Washington.

"Q. (By Mr. Smith) What further—

"A. I believe he denied that.

"Q. Denied what?

"A. Denied being over at 16th and Washington dealing or selling heroin."
* * *

In addition the prosecuting attorney referred to the above conversations in closing argument. No instructions were given cautioning the jury as to the effect of this argument or the testimony concerning heroin.

It is prejudicial error to describe extra-judicial statements of the accused which do not constitute an admission of the

offense charged, or an admission of a fact which will establish an element of the offense charged. People v. Baker, 147 Cal. App.2d 319, 305 P.2d 97; Helton v. United States, 5 Cir., 221 F.2d 338. In the Baker case one admission of previous use of marijuana by a defendant (who was on trial for possession of heroin) was held ground for mistrial even though the trial court struck the testimony and instructed the jury to disregard it.

■ Admission of evidence concerning acts which constitute other separate offenses is prejudicial to the accused receiving a fair and impartial trial, Thompson v. State, 21 Ariz. 268, 187 P. 579; State v. Thomas, 71 Ariz. 423, 229 P.2d 246, unless such acts are shown to come within the exception to the general rule. Crowell v. State, 15 Ariz. 66, 136 P. 279. Stated briefly these exceptions are motive, intent, absence of mistake or accident, identity or common scheme or plan. Such evidence must be of such nature that it will raise a reasonable inference as to the existence of the exception in support of the charge at issue. Dorsey v. State, 25 Ariz. 139, 213 P. 1011; State v. Little, 87 Ariz. 295, 350 P.2d 756.

■ The *above-quoted portions of the* testimony bear no relation to possession by defendant of marijuana upon the occasion which is the subject of this prosecution. The only purpose was to pre-judge the credibility of the defendant in the eyes of the jury as a man of vicious habits who had used narcotics at previous times. Defendant was not on trial for the sale of heroin but for possession of marijuana, and he was entitled to have only this charge considered by the jury. As was said by Mr. Justice Harlan in Boyd v. United States, 142 U.S. 450, 12 S.Ct. 292, 35 L.Ed. 1077:

"However depraved in character, and however full of crime their past lives may have been, the defendants were entitled to be tried upon competent evidence, and only for the offense charged."

On the basis of the foregoing we must hold there was fundamental error.

■ In addition a State's witness made references to the fact defendant had been in prison, once on direct examination as follows:

"Q. What was the conversation that you recall at this time?

"A. The conversation we had with Mr. Hunt was in regard to the marijuana cigarettes, where he had obtained them, and—

"Q. What did he say, if you recall?

"A. As to how long he had been out of prison.

"Mr. Gasser: Your Honor, we object. He is asked to answer the ques-

tions and say what the conversation was.

"The Court: The objection is sustained, and the witness is admonished. Listen to the question carefully and answer it in the terms it is asked. In other words, state the conversation as nearly as you can remember it."

And once on cross-examination by codefendant's counsel:

"Q. Now, you said that Mr. Hunt referred or stated that you got him into a deal here, what do you mean by that?

"A. He meant that had he been out of prison long enough to learn what was going on around town. That is the way he put that; he didn't know what was going on, been only out a short while."

When defendant took the stand he testified to two prior convictions for forgery. The accused's record of prior convictions of felony is admissible only for impeachment purposes after he takes the stand and then the examination is limited in scope. State v. Stago, 82 Ariz. 285, 312 P.2d 160; State v. Sorrell, 85 Ariz. 173, 333 P.2d 1081.

The record contains other errors. Whether standing alone without objection these would be sufficient to require reversal as fundamental or prejudicial need not be answered. On the basis of the entire rec-ord this Court must hold that a new trial is required.

Reversed for a new trial.

STRUCKMEYER, J., and GEORGE M. STERLING, Superior Court Judge, concur.