406 P.2d 421

**STATE of Arizona, Appellee,**

v.

**William Belve COBB, Appellant.\***

**No. I CA–CR 30.**

Court of Appeals of Arizona.

Oct. 14, 1965.

* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 1496. The matter was referred to this Court pursuant to Section 12–120.23 A.R.S.

Darrell F. Smith, Atty. Gen., by Gary K. Nelson, Asst. Atty. Gen., for appellee.

Pasquale R. Cheche, Phoenix, for appellant.

CAMERON, Judge.

William Belve Cobb was tried and convicted of the crime of joy riding with a prior conviction, a felony, as provided in A.R.S. § 13–672, as amended. He was sentenced to serve a term of not less than one year nor more than two years in the State Penitentiary at Florence. He appeals from the conviction and the sentence.

We are called upon to determine the correctness of the manner in which the trial court admitted into evidence, testimony regarding an exculpatory statement made by

the defendant, and the sufficiency of the evidence to sustain a verdict of guilty on the prior conviction. The facts as are necessary for a determination of these matters are as follows:

An automobile was left in an off-street parking lot in Phoenix, Arizona, on 8 December, 1963. The driver, Mrs. Romo, planned to leave the automobile for only a few minutes and the keys were left in the car. The driver returned and the automobile was gone.

At approximately 3:00 a. m. on 9 December, 1963, a police officer noticed the automobile in question parked without lights on a street in Casa Grande, Arizona. As the officer approached, the automobile drove off and then parked on private property some two blocks away. The officer stopped to investigate. The defendant was identified as driving the automobile. Mr. and Mrs. Romo who owned the automobile both testified that they did not know the defendant and had never given him permission to drive or use said automobile.

At the trial of the defendant the following testimony was given on redirect examination:

"Question: Did the defendant say anything to you when you walked up to the car?

"Answer: Objection, Your Honor, this may be hearsay unless the State is willing to show at this time * * *

"The Court: Overruled. He may answer.

"(By Mr. McGillicuddy,

Deputy County Attorney)

"Question: Did the defendant say anything to you?

"Answer: Yes, he did. He stated that he had borrowed the car from a Harold Yandell."

The defendant alleges first that the court erred in overruling this objection because the State failed to lay a prima facie foundation as to the voluntariness of defendant's statement. Second, that it was fundamental error for the court not to resolve the question of the voluntariness outside the presence of the jury, and third, it was fundamental error not to give the jury an instruction relative to an out-of-court statement made by the defendant.

As appellant points out, this statement is neither an admission nor a confession. A "confession" leaves nothing to be determined, but is a declaration of defendant's intentional participation in a criminal act. An "admission" is merely a recital of facts which tend to establish guilt. An admission is something less than a confession in that it does not alone, even if true, support a deduction of guilt. State v. Izzo, 94 Ariz. 226, 383 P.2d 116 (1963), State v. Romo, 66 Ariz. 174, 185 P.2d 757 (1947), and People v. Skinner, 123 Cal.App. 2d 741, 267 P.2d 875 (1954). This statement by the defendant is in the nature of an "exculpatory statement". An "exculpatory statement" is a statement which tends to justify, excuse or clear the defendant from alleged fault or guilt. Some authorities consider it as a form of an admission against interest, while others consider it in a separate category. However considered, the Arizona Supreme Court has held that the courts must treat exculpatory statements in the same manner and with the same procedure that they treat admissions against interest. As has been stated:

" * * * when a question is raised as to voluntariness of a statement constituting either admissions against interest, exculpatory or otherwise, or a confession, it must be resolved by the judge outside the presence of the jury. If he determines it was involuntary, it will not be admitted. If he determines it was voluntary, it may be admitted. Evidence tending to contradict the voluntary nature of the statement or confession may be admitted, and the jury may, as under the Massachusetts rule, then in effect disagree with the judge, and reject the confession." State v. Owen, 96 Ariz. 274 at 277, 394 P.2d 206 at 208 (1964).

■ In any event, it is necessary that counsel must first raise the question as to voluntariness of the statement before it must be resolved by the judge outside the presence of the jury. In the instant case, no objection was made as to foundation, no request was made for a determination of the voluntariness of the testimony by the court out of the presence of the jury, nor was the voluntariness of the statement ever questioned or any evidence offered to prove it involuntary. There having been no issue presented to the court in regard to the voluntariness of the statement, and no objection made to the foundation, it was not error for the court to admit the statement or to fail to resolve the question of voluntariness outside of the presence of the jury. State v. Miranda, 98 Ariz. 18, 401 P.2d 721 at 728 (1965) and State v. Fullen, 1 Ariz. App. 466, 404 P.2d 732 (1965).

■ The defendants submit, on the basis of State v. Pulliam, 87 Ariz. 216, 349 P.2d 781 (1960) and State v. Kellington, 93 Ariz. 396, 381 P.2d 215 (1963), that the trial court should have, on its own motion, instructed the jury as to the voluntariness of the exculpatory statement. We note that in both the State v. Pulliam and State v. Kellington, supra, that the court was dealing with confessions to which counsel for the defendants had made timely objections to their admission. In each case, a hearing was first held outside the jury and the confessions admitted. Under these conditions, our Supreme Court held it constituted fundamental error not to properly instruct the jury concerning the voluntariness of the confession. In the instant case, no issue of voluntariness of the exculpatory statement was raised and no instructions requested by the defendant. Under these circumstances, it was not error for the court to fail to give such instructions on his own motion.

We now consider the sufficiency of the evidence in regard to the previous conviction. The defendant denied the fact of a previous conviction. The defendant was charged with the crime of joy riding as defined in A.R.S. § 13–672. Trial was conducted upon that issue alone, and the jury retired and returned a verdict of guilty. Rule 180 of the Rules of Criminal Procedure, 17 A.R.S. provides, in part, that when a defendant denies the allegation of prior conviction, the question so presented "shall be tried by the jury which tries the issue upon the plea of not guilty". The rule does not specify whether the prior conviction issue shall be tried with the charged offense, or by the same jury after the jury has first decided the issue of guilt in relation to the charged offense. In the case under consideration, after the verdict of guilty, the second portion of the information relating to the allegation of prior conviction was read to them and that issue was then tried to the jury. This was the proper procedure. The jury considered the issue of guilt or innocence on the offense presently charged, without being influenced by the second and clearly severable issue of prior conviction. Only when a determination of guilt has been reached and reported to the court is it necessary for the jury to reassemble to hear the evidence on the issue of prior conviction.

Testimony presented by the State concerning the prior offense consisted of the following: The first witness was an employee of the East Phoenix Precinct Justice Court and she testified that a certified copy of the docket was an accurate copy of the docket transcript of the court. The certified copy showed that on 23 October, 1963, one William Belve Cobb had been charged with joy riding and that on 26 November, 1963, William Belve Cobb entered a plea of guilty to the charge of joy riding and was adjudged guilty of said offense. The witness did not identify the defendant as being the same William Belve Cobb who had been so convicted in the justice court.

■■ The second witness was a police officer who testified that he had arrested the defendant on the 22nd day of October, 1963, for the crime of grand theft, auto, and that the defendant was the same person he

arrested on that date. On cross-examination, the officer testified as follows:

"Question: Officer Judd, were you present when the man whose name appears on State's exhibit number 1 in evidence, were you present at the time that this man whose name appears in this exhibit plead guilty to that charge?

"Answer: No, I was not.

"Question: Were you there at the time that sentence was imposed against the man whose name appears on that judgment record?

"Answer: No.

"Question: In other words, then you do not know whether or not the man that you arrested and identified as Mr. Cobb was, in fact, ever convicted or plead guilty to the charge of joy riding? Is that correct?

"Answer: Not to my personal knowledge, no."

And further:

"The Court: Ask the witness whether he is the one that filed the complaint in the case.

"By Mr. McGillicuddy: Did you file the complaint, Officer?

"Answer: No, I did not."

Appellants allege that the court erred in not granting his motion for a mistrial as to this portion of the case when the State permitted the police officer to testify that he arrested the defendant for grand theft, auto. This motion should have been granted. Joy riding is not a lesser included offense of grand theft, auto, in Arizona. State v. Parsons, 70 Ariz. 399, 222 P.2d 637 (1950). The introduction of evidence of acts which constitute separate and distinct offenses is prejudicial to a fair and impartial trial. State v. Little, 87 Ariz. 295, 350 P.2d 756, 86 A.L.R.2d 1120 (1960), State v. Hunt, 91 Ariz. 145, 370 P.2d 640 (1962), State v. Hunt, 91 Ariz. 149, 370 P.2d 642 (1962) and State v. Kellington, supra. As was stated by our Supreme Court in the Hunt case, supra:

"Admission of evidence concerning acts which constitute other separate offenses is prejudicial to the accused receiving a fair and impartial trial, Thompson v. State, 21 Ariz. 268, 187 P. 579; State v. Thomas, 71 Ariz. 423, 229 P.2d 246, unless such acts are shown to come within the exception to the general rule. Crowell v. State, 15 Ariz. 66, 136 P. 279. Stated briefly these exceptions are motive, intent, absence of mistake or accident, identity or common scheme or plan." State v. Hunt, 91 Ariz. 145 at 148, 370 P.2d 640 at 641.

Where, as in the instant case, the issue is whether or not the defendant has been previously convicted of joy riding, testimony concerning an arrest for the separate offense of grand theft, auto, would be all the more prejudicial to a fair and impartial determination by the jury.

Defendant next contends that the State failed to meet the burden of proof that William Belve Cobb, previously convicted of a misdemeanor, joy riding, was also the same as the defendant on trial in the court below. In a criminal prosecution wherein the defendant is accused of a prior conviction, two questions of fact are presented. The first is whether the prior judgment has been rendered. The second is whether the person named in the prior judgment is the same person now accused of that prior conviction. There is no question in this case concerning the fact that a judgment was rendered in the Justice Court of East Phoenix Precinct in which a William Belve Cobb was found guilty of joy riding on 26 November, 1963. The question is raised by the plea of the defendant as to whether or not he is the same person who was previously convicted.

A question is presented as to the standard or degree of proof which the State must meet in showing that the defendant is the one and same person previously convicted. If the mere similarity of names is sufficient to establish a prima facie case that the defendant is the same person who suffered the

prior conviction, then we may say that the civil burden of proof by preponderance of the evidence is enough. With this we do not agree.

■ The raising of the crime from a misdemeanor to a felony by the showing of the prior conviction certainly entitles the defendant to the benefit of having the State prove that prior conviction by the criminal burden of proof or beyond a reasonable doubt. Every fact to be determined by a jury which may be essential to the infliction of legal punishment upon a human being must be proven beyond a reasonable doubt. People v. Foster, 3 Cal.App.2d 35, 39 P.2d 271 (1934), Doyle v. State, 140 Tex.Cr.R. 417, 145 S.W.2d 876 (1940). As the Illinois court stated in People v. Casey, 399 Ill. 374, 77 N.E.2d 812, 11 A.L.R.2d 865 (1948):

"Undoubtedly in civil cases the rule is that identity of names raises a presumption that the person named and the one referred to in the previous record is one and the same person. Clifford v. Pioneer Fire-Proofing Co., 232 Ill. 150, 83 N.E. 448; Filkins v. O'Sullivan, 79 Ill. 524. In the trial of a criminal case, the record of a prior conviction of an infamous crime may be introduced for impeachment purposes. In such case proof of such conviction need not be made beyond a reasonable doubt and the presumption arising from the identity of names will be sufficient. People v. Buford, 396 Ill. 158, 71 N.E.2d 340; People v. Lawson, 331 Ill. 380, 163 N.E. 149. In a prosecution under the Habitual Criminal Act, the defendant is clothed with the presumption of innocence and, as has been pointed out, this applies to the fact of his former conviction which, if proved, enhances the penalty. The mere proof of a record containing identity of name with that of the defendant on trial is not sufficient to overcome the presumption of innocence where the enhancement of the penalty depends upon the proof of such fact." 77 N.E.2d 812 at 815, 816.

And:

"The plea of not guilty to the habitual criminal charge put in issue and required the state to prove beyond a reasonable doubt all the necessary elements of the habitual criminal charge. It certainly was necessary that the state not only prove that there was a judgment rendered in Okanogan county, such as referred to in the supplemental information, but also that the Lyle Harkness therein named was the same person as the Lyle Harkness on trial in this action." State v. Harkness, 1 Wash.2d 530, 96 P.2d 460 at 465 (1939).

For the above reasons, the matter is remanded to the court below for sentencing not inconsistent with this opinion.

DONOFRIO, J., concurs.

STEVENS, Chief Judge (dissenting in part).

I concur in affirming the conviction in relation to the offense of joy riding, a misdemeanor committed on or about the 8th day of December, 1963. I regret that I am not able to agree with the rationale of the Arizona Supreme Court in the case of State v. Parsons, however, it is the law of this State. Being the law of this State, I must agree with the majority that there was prejudicial error in the receipt of the evidence of an arrest grand theft, auto, in relation to the attempt to prove the prior conviction of joy riding.

I am not in accord with the majority in relation to its decision on the question of the burden of proof in establishing a prior conviction. I recognize that there is a division of authority. I see no purpose in extended discussion of my views. I agree with a portion of the headnote statement found in Section 7 of the annotation in 11 A.L.R.2d at page 884, stating:

"One line of authorities holds that identity of name of the defendant and the person previously convicted is prima facie evidence of identity of person, and, in the absence of rebutting testi-

mony, supports a finding of such identity."

This concept applies to the rules of evidence in relation to civil cases as distinguished from the rules of evidence in relation to proof of guilt beyond a reasonable doubt in criminal cases. The difference in the burden of proof is one, and but one, of the vital reasons why it is essential to present the evidence as to proof of guilt of the charge at a separate stage of the proceedings, than that stage of the proceedings wherein the jury considers the evidence as to prior convictions. The evidence as to prior convictions does not go to the question of guilt or innocence of the offense, it goes only to the matter of permissible punishment. The majority comments upon the fact that the offense of joy riding without a prior conviction is a misdemeanor and is, therefore, punishable by a maximum of 6 months in jail or $300 fine or both, whereas with a prior conviction it is a felony with a maximum sentence of five years at the Arizona State Prison. Under § 13–1649, a felony with a ten year maximum can carry a life sentence if there is a prior conviction of a felony, so that the differential in punishment arising out of the fact of a prior conviction is not as great as it might otherwise seem, except for converting the permissible punishment from one for a misdemeanor to one for a felony.

Where no prior conviction is alleged in the information the sentencing judge may nevertheless consider the fact of prior convictions in determining that area of the statutory authorization of sentence which will be used. In this connection, the sentencing judge considers pure hearsay as reflected in the FBI information sheets and these sheets are the source of other valuable information to the sentencing judge. Unsworn hearsay statements both favorable to the defendant and unfavorable to the defendant, are considered by a sentencing judge in relation to the exercise of his discretion. Even the in-

quiry into mitigating or aggravating circumstances under Criminal Rule 336 does not require that the same be conducted under the rules in relation to determining guilt or innocence. I see no violation of any constitutional right of a person who has been found guilty by a jury in applying the Civil Rule quoted in the headnote to A.L.R., and while I firmly believe in the principle that a defendant's failure to take the stand in connection with the trial in chief is no evidence or indication of guilt and may not be discussed by the County Attorney or considered by the jury in determining the guilt or innocence, the same reasoning does not apply in relation to the matter of prior conviction.

While I concur in the end result, I must dissent in relation to the guide lines set forth as to the burden of proof in relation to prior convictions.

---

* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 1465. The matter was referred to this Court pursuant to Section 12–120.23 A.R.S.