499 P.2d 152

**STATE of Arizona ex rel. Moise BERGER, Maricopa County Attorney, Petitioner,**

**v.**

**The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MARICOPA, et al., Respondents.**

**No. 10936.**

Supreme Court of Arizona,
In Banc.

July 6, 1972.

Moise Berger, Maricopa County Atty. by William H. McLean, and Don A. Fendon, Deputy County Attys., Phoenix, for petitioner.

Mason, McCall & Ross by Frank L. Ross, Phoenix, for respondent Wilson.

Ross P. Lee, Maricopa County Public Defender by Bernard J. Dougherty and Bedford Douglass, Jr., Deputy Public Defenders, Phoenix, for respondent French.

PER CURIAM:

Respondents Robert Wilson and Teresa Ann French were charged by information in the Superior Court of Maricopa County with the murder of a two-year-old child. Injuries to the head were the direct cause

of death. On the second day of trial, prior to a medical examiner's testimony, respondents made an oral motion *in limine*, whose principal purpose was to prohibit the medical examiner from testifying concerning any prior injuries which did not directly relate to the cause of death. At the conclusion of arguments on the motion, the court "ORDERED that the defendant's motion in limine is granted as to all injuries suffered by the victim that do not relate to the cause of death of the victim."

■ (1) The primary purpose of a motion *in limine* is to avoid disclosing to the jury prejudicial matters which may compel a mistrial. It should not, except upon a clear showing of non-admissibility, be used to reject evidence. State v. Johnson, Iowa, 183 N.W.2d 194, 197 (1971). And *see*, Davis, The Motion in Limine, 5 Washburn L.J. 232 (1966) and 46 Neb.L.Rev. 502 (1967).

■ Arizona's Rules of Criminal Procedure for the Superior Courts do not recognize motions *in limine*. However, Maricopa County's Local Criminal Rules of Practice, by Rule 1(f) (3), 17 A.R.S., provide that all motions *in limine*, voluntariness hearings, motions to suppress and other evidentiary motions should be filed prior to the trial date. It is obvious that the motion was not timely made.

■■ (2) If the motion is treated as an objection to the introduction of evidence, the court's unequivocal order effectively prohibits the State from establishing that the child was the victim of prior criminal assaults. While the record at this time does not contain sufficient facts to support any firm conclusion, acts constituting separate criminal offenses are admissible where they establish motive, intent, absence of mistake or accident, identity or common scheme or plan. State v. Hunt, 91 Ariz. 145, 148, 370 P.2d 640, 641 (1962). Prior injuries inflicted upon a child may establish the ingredient of malice so essential to the crime of murder. They could also support the conclusion that death did not re-

sult from accident or that the continuous assault on the child's vital forces were contributing causes of the death.

■ The trial court's unequivocal ruling improperly restricted the prosecution's proof of important elements of the State's case. The trial court has the power in the interest of justice where potentially prejudicial evidence is offered to both require avowals from counsel as to the relevancy of the evidence and direct the order of proof.

The order granting the motion *in limine* is set aside and the stay heretofore issued is dissolved.

HAYS, C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.

Note: Vice Chief Justice JAMES DUKE CAMERON did not participate in the determination of this matter.